STATE OF TEXAS V. L. C. WOODVILLE ET AL.

Delivered April 9, 1896.

1  **Venue—Plea of Jurisdiction not Waived by Continuance.**
A plea to the jurisdiction setting up the defendant's privilege to be sued in the county of his residence is not waived by reason of the fact that after it was filed the case was continued to the next term as upon agreement of the parties.

2.  **Venue—Liquor Dealer's Bond—Breach.**
A retail liquor dealer's bond is a written contract to be performed in the county where the business is carried on, and upon breach of its conditions suit may be brought there, although the parties executing the bond reside in another county.

APPEAL from Nacogdoches. Tried below before Hon. JAMES T. POLLEY.

*Robert Berger*, County Attorney, and *M. M. Crane*, Attorney-General, for appellant.

No brief for appellees reached the Reporter.

GARRETT, CHIEF JUSTICE.—This suit was brought by the State of Texas in the District Court of Nacogdoches County against L. C. Woodville, as principal, and Wm. B. King and W. P. King, as sureties, upon a liquor dealer's bond. The bond was in statutory form, and was executed to enable the appellee Woodville to carry on business in the county of Nacogdoches as a retail liquor dealer. The petition alleged that appellees were residents of Galveston County. To the first term and on September 4, 1894, they filed in abatement a plea to the jurisdiction of the District Court of Nacogdoches County over their persons, and asserted their privilege of being sued in the county of their residence. On September 18, 1894, they filed their original answer, and afterwards, on October 10, 1894, the case was continued by consent. At the next term of the court, in March, 1895, the State by its attorney moved to strike out the plea in abatement, but the court overruled the motion and on hearing thereof sustained it and dismissed the suit, and the State has appealed.

We do not think the plea to the jurisdiction was waived by the continuance of the case. The statute only requires such pleas to be disposed of at the first term, if the business of the court will permit. Revised Statutes (1879), arts. 1269, 1291. The plea was filed in due order of pleading, and was not waived or abandoned by the filing of the answer. It may not have been convenient for the court to take it up at the first

term, or the parties may not have been there ready to try the issue presented by it.

But the cause of the action was the recovery of a penalty for the violation of a condition of the bond to be performed in Nacogdoches County; hence it was a contract in writing to perform an obligation in that county, and came within the fifth exception to the general rule of venue prescribed by the statute. Revised Statutes (1879), art. 1198, sec. 5. The business of Woodville as retail liquor dealer was to be conducted in Nacogdoches County, and he contracted that in carrying on said business he would not permit any person under the age of twenty-one years to enter and remain in his place of business. This contract was to be performed in Nacogdoches County, and the petition alleged a breach thereof. The penalty allowed by law is recoverable for the breach.

The cases of Cohen v. Munson, 59 Texas, 236, and Lindheim Bros. v. Muschamp, 72 Texas, 33, are not opposed to this view of the law. It is upheld by the reasoning in Cohen v. Munson, which was a suit upon an administrator's bond, and the case of Lindheim Bros. v. Muschamp, a suit upon a contractor's bond, was by the court distinguished by the fact that the bond was a separate instrument by which the contractor undertook to build a house in a county other than that in which he and his sureties resided. It is quite clear that the appellees could be sued in Nacogdoches County.

The breach of the condition of the bond alleged was not an offense against the penal laws of the State, and consequently not a crime or offense that would confer venue under the eighth exception to general rule.

For the error of the court below in sustaining appellee's plea in abatement, its judgment will be reversed and cause remanded for trial on the merits.

*Reversed and remanded.*

Writ of error refused.