**FIRST STATE BANK OF MT. CALM v. FAIN et al.**

(Court of Civil Appeals of Texas. Dallas. May 10, 1913. Rehearing Denied May 31, 1913.)

1. **VENUE** (§ 28*)—**DOMICILE OF PARTIES— STATUTORY PROVISIONS.**

The cashier of a bank, who was a minor while employed as cashier, whose father did not

reside in the county in which the bank was located, and who was never in that county after attaining his majority, except while under arrest on a criminal charge, was not a resident of that county so as to permit an action against him and the surety on his bond to be brought therein under Rev. Civ. St. 1911, art. 1830, § 4, which provides that, where there are two or more defendants residing in different counties, suit may be brought in any county where any one of the defendants reside, since the residence of a minor in law is that of his father.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 42; Dec. Dig. § 28.*]

2. VENUE (§ 68*) — MOTION FOR CHANGE — HEARING AND DETERMINATION—EVIDENCE.

In an action against the cashier of a bank and the surety on his bond brought in the county where bank was located, where the surety filed a plea of privilege and showed that the cashier while so employed was a minor, the burden was on plaintiff to show a legal or actual emancipation permitting him to acquire a residence in that county separate from the residence of his father.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 121; Dec. Dig. § 68.*]

3. VENUE (§ 14*) — ACTIONS ON CONTRACT — PLACE OF PERFORMANCE.

The surety on the bond of a bank cashier, which recited that the cashier was to perform certain duties for the bank and required the surety to make good any losses due to his acts, could not be sued in the county where the bank was located under Rev. Civ. St. 1911, art. 1830, § 5, which provides that, where a person has contracted in writing to perform an obligation in a particular county, suit may be brought in that county, since the obligation of the surety was entirely separate from the obligation of the cashier, which was to be performed in the county where the bank was located.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 21, 27; Dec. Dig. § 14.*]

Appeal from District Court, Hill County; C. M. Smithdeal, Judge.

Action by First State Bank of Mt. Calm against E. C. Fain and another. From a judgment changing the venue after a trial on defendants' plea of privilege, plaintiff appeals. Affirmed.

Luther Nickels, of Austin, for appellant. Jno. W. Davis, of Waco, for appellees.

RASBURY, J. Appellant sued E. C. Fain, Jr., and J. R. Milam in the court below upon a fidelity bond executed in favor of appellant by Fain as principal, and Milam as surety, alleging that Fain's legal residence was in Hill county, but that at the time suit was filed he was without the boundaries of the state of Texas and his whereabouts unknown, and that Milam resided in McLennan county. The bond recited that Fain was appellant's cashier and as such he would receive, control, and have access to and be chargeable with money, property, and other things of appellant bank, and its customers. The condition of the bond was that Fain should "well and faithfully perform all of his duties," and upon failure to do so Milam agreed to "hold the bank harmless for any loss occasioned by any act of such officer until all his accounts with the bank shall

have been fully settled and satisfied." The suit was to recover defalcations by Fain to the full penalty of the bond. Service of citation upon Fain was by publication under authority of the statute. The service upon Milam, who resided in McLennan county, was personal. Milam, by appropriate plea, asserted his privilege to be sued in McLennan county, negativing those exceptions in the statute that would confer venue upon the district court of Hill county. Upon call of the case jury was demanded, and to the jury the issues of fact under the plea of privilege were submitted, and upon which the jury found for Milam, and in accordance with which the court entered judgment changing the venue of the suit to McLennan county and directing the clerk to make up transcript of the record and transmit the same with the original papers to the clerk of the district court of McLennan county, Tex.

The undisputed facts, as far as were developed on the hearing of the appellee's plea for a change of venue to the county of his residence, are that Fain entered the employ of appellant as its cashier in June, 1907, and remained with the bank until January 1, 1909. After leaving the bank, Fain was away from Hill county until the spring or summer of the same year (1909), when he was arrested and brought back upon criminal process issued upon an indictment for certain defalcations while in the employ of the bank. In the spring or summer of 1910, Fain left the state of Texas and went to New Orleans. When last heard of he was in the state of Georgia. He has had no actual residence in Hill county since he left there in January, 1909. Fain was born May 24, 1888, and at the time he entered the employ of the bank and when he quit or was discharged in January, 1909, his father, E. C. Fain, was residing in Weatherford, Parker county, Tex., and had resided there for 40 years prior thereto. The petition in the instant case was filed February 3, 1912. As we have said, there was no personal service of citation upon Fain; service was by publication.

There are many assignments of error contained in the brief, which raise correct questions of law, and which might, under a different state of facts, present error, and we are not to be understood as overruling them. From our view of the case it does not seem necessary to discuss them, except academically, which we pretermit for obvious reasons.

[1] Under the undisputed facts just recited, appellant asserts that Fain acquired a legal residence in Hill county, and that it had the right to bring its suit in that county under the fourth section of article 1830, R. S. 1911, permitting the bringing of the suit in the county of the residence of either of the defendants, whether he was then actual-

ly within the county or state. But appellee Milam asserts in reply that the evidence is undisputed that Fain was a minor when he first took up his residence in Hill county and was yet a minor when he left, and, that being true, his residence was that of his father, and that all other questions are immaterial. The statement of both the facts and the law seems to us correct. Fain left Hill county in January, 1909, and only returned when arrested and then involuntarily. He became 21 years old May 29, 1909, and at no time since said date is anything shown tending to establish residence in Hill county. That the residence of a minor in law is that of the father is now the settled rule in this state. Lanning v. Gregory, 100 Tex. 310, 99 S. W. 542, 10 L. R. A. (N. S.) 690, 123 Am. St. Rep. 809.

[2] In this connection the evidence does not show, nor is it urged in the brief of appellant, that Fain had either in fact or in law been emancipated. Appellant does make the claim that it was the duty of appellee to show that Fain had not been emancipated. When Milam established Fain's minority, the burden of establishing either legal or actual emancipation shifted to appellant under well-known rules. Appellant also contends that it was not necessary to sustain the venue in Hill county for Fain to have actually been a resident of that county at the time suit was filed. This contention is based upon those cases which hold that if a person maintain a residence in more than one county, residing alternately or a part of his time in both counties, he may be sued in either. Pearson v. West, 97 Tex. 238, 77 S. W. 944. The statement of the rule precludes its application if the minor's residence follows his father's since under the latter rule it would be necessary to show residence by the father of Fain in Hill county, rather than residence by Fain.

[3] It is also contended by appellant that the venue of the case was properly laid in Hill county for the reason that Milam's obligation under the bond was performable in Hill county, and hence within the fifth exception of the statute permitting defendants who are inhabitants of this state to be sued in a county other than that of his domicile. Article 1830, § 5, R. S. 1911. We think it clear that the bond sued upon in no respect required Milam to perform his obligation as surety in Hill county. His obligation in simple language is to pay the bank any losses due to the acts of Fain. The bond is silent concerning where he shall pay the losses, if any result. Nor is there anything in the bond which, by implication, can be said to be an agreement to pay in Hill county. The recitals in the bond that Fain was to perform certain duties to be in behalf of a bank doing business in Hill county, and as a consequence his duties performable there, does not furnish sufficient basis for holding that Milam should pay his losses in that county. The performance of the duties of cashier was Fain's contract. To make good Fain's losses was Milam's contract. The agreements were separate and independent. Milam, it occurs to us, had nothing to do with the performance of Fain's duties. He might have been both incompetent and incapable, and yet no losses have resulted and as a consequence no liability on the part of Milam. We mention this only to illustrate the separateness of the undertaking of Fain and Milam and as a reason why the performance of Fain's duties in Hill county furnishes no reasonable basis for the conclusion that Milam was to in like manner perform his liability in case of loss in said county. Cohen v. Munson, 59 Tex. 236; Lindheim v. Muschamp, 72 Tex. 35, 12 S. W. 125. The case of State v. Woodville, 13 Tex. Civ. App. 217, 35 S. W. 861, it occurs to us, is not applicable here. The facts in that case present an entirely different situation from that developed in the instant case. Woodville was a liquor dealer in Nacogdoches county, and the statutory bond he was required to give was in effect that he would conduct his saloon in that county as required by law. The obligation of his sureties was that he would do that and do it in Nacogdoches county. What we have just said is enough to illustrate the difference in the instant case and the Woodville Case, supra. Much more could be said to differentiate the two cases.

Finding no reversible error in the judgment of the court below, it is affirmed.