## Hall, et al. v. Cotton.

(Decided December 17, 1915.)

### Appeal from Woodford Circuit Court.

1. Frauds, Statute of—Real Property and Estates and Interests Therein.—A description in an executory contract for the sale of land which only describes the land sold as "their farm of fifty-three acres" is insufficient to satisfy the demands of the Statute of Frauds.

2. Frauds, Statute of—Description—Parol Evidence.—When a description contained in such writing, either by reference to a water course, or town, or some well known local object, or to a former conveyance of record, so identifies the property, which is the subject matter of the contract, that it may be designated or pointed out in parol testimony by reason of such reference in the writing to such stream, town, conveyance, or well known local object, then parol testimony is competent for that purpose; but when the description in the writing has no such reference and it is necessary to resort to parol testimony to identify the subject matter of the contract as distinguished from a designation of it, then parol evidence is incompetent, and the writing is insufficient under the statute.

3. Frauds, Statute of—Identification of Land Described.—Identification is the proving that a person, subject, or article is the very same that he or it is alleged, charged, or reputed to be, and therefore the identification of a tract of land described in a writing necessarily implies the giving of evidence from outside facts not furnished by the writing itself.

4. Frauds, Statute of—Description.—To designate means to "point out," to "indicate," to "show," and the designation of the property referred to in the writing may be had from the description in the writing itself where the evidence of identity is furnished therein.

T. L. EDELEN and FIELD McLEOD for appellants.

GRANT E. LILLY for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

This is an equitable action by Hall and wife seeking to specifically enforce a written contract for the sale of land by them to C. S. Cotton.

The contract is as follows:

"Versailles, Ky., Feb. 3rd, 1914.

"This contract made this day between Mrs. C. C. Hall, C. C. Hall, of Woodford County, Ky., and C. S. Cotton, of Paintlick, Garrard County, Ky. The said

Hall and wife have this day sold their farm of fifty-three and thirteen-sixteenths acres for five thousand five hundred and fifty dollars, as follows: Five hundred dollars this day cash in hand paid and thirty-five hundred dollars to be paid March 1st, 1914, when the said Halls are to give possession and a general warranty deed, the balance fifteen hundred and fifty dollars to be in one and two-year notes from March 1st, 1914, with six per cent. interest from March 1st, 1914, till paid, a lien to be retained on deferred payments. Tobacco sticks go with the farm, also the fodder left shall go with the farm. All loose lumber on farm go with it. C. S. Cotton to pay taxes, fall of 1914.

"MRS. C. C. HALL,

"C. C. HALL,

"C. S. COTTON."

The only question necessary to be considered is whether this is an enforceable contract for the sale of lands under the Statute of Frauds, and whether the description therein is sufficient to satisfy that statute. The description in the writing involved here is unlike and essentially different from any description in similar contracts which have been upheld by this court. It will be observed that it does not specify the county or state in which the land is situated; that it does not refer to it as the land conveyed to him by "so and so;" it does not refer to it as the farm known as the "Jones or Smith" farm; it does not state that it lies on any named water course; it does not say that it is near any town or village, or any well-known object; it merely says "their farm" of 53 acres.

This court has been more or less liberal in upholding vague and indefinite descriptions embraced in contracts for the sale of lands, and has shown an inclination to relax, in a measure, the older and more rigorous interpretation given to the Statute of Frauds in that respect; but a careful examination of the authorities will disclose that in no case has it enforced specifically any contract with such fatally defective description as the one here sought to be enforced.

For instance, in Hyden v. Perkins, 119 Ky., 190, it held sufficient a contract embracing a description of a "farm of about twenty acres known as the Vaught farm," the court holding that parol evidence was com-

petent to show what land was known by that name. In
the case of Tyler v. Onzts, 93 Ky., 331, a description was
upheld of "lot No. 4, block 9, N. E., in Middlesboro, Ken-
tucky." In the case of Henderson v. Perkins, 94 Ky.,
207, the contract designated the vendor as a resident of
Rocky Hill Station, Kentucky, and described the prop-
erty as "my home place and the store house," and that
was held sufficient. In the case of Campbell v. Preece,
133 Ky., 572, the description was "the lands that said
Campbell sold to said Preece, situated on the Shanty
Branch of the left fork of Peter Creek, Pike County,
Kentucky," and this description, together with one con-
tained in another writing supplementing it, was held to
be sufficient. In Bates v. Harris, 144 Ky., 399, 36 L. R.
A. (N. S.), 154, a description of "her Muddy Creek farm,
embracing 113 acres," the writing showing that both
parties were residents of Madison county, was upheld.
In the case of Posey v. Kimsey, 146 Ky., 205, a writ-
ing describing the land as "my farm known as the John
Baskett home farm" was held to be sufficient to satisfy
the statute. In the case of Brice v. Hays, 144 Ky., 535,
the description was "about 150 acres of land near Otter
Creek Station, one mile N. of Rineyville, Hardin county,
Kentucky, on I. C. R. R." The court held that that de-
scription was insufficient and did not comply with the de-
mands of the statute, saying:

"The object of the Statutes of Frauds and Perjuries
is to prevent the evil arising from parol testimony in
so far as certain subjects were concerned, particularly
that of land. The evidence as to what lands are the
subject of the contract, must be contained within the
contract. The writing or memorandum must itself af-
ford the means of identification; and, unless it does, it
is within the Statute of Frauds."

And again:

"No words are used in the writing to give a starting
point, nor is the description sufficient to authorize parol
proof to aid in identifying the land."

In the case of Bates v. Harris, supra, after an ex-
tensive review of the authorities, the court said:

"In all such cases parol evidence was admitted not
to identify, but to designate, the subject matter, already
identified in the minds of the parties, in the language of
the contract when read in the light of the facts."

It will be observed in many of these cases that the word "identification" is used synonymously with the word "designation;" but we think that in the case of Bates v. Harris the proper rule, taking the distinction between "identification" and "designation," has been laid down. That is to say, that when the description contained in the writing either by reference to a water course, or a town, or some well-known local object, or to a former conveyance of record, so identifies the property, which is the subject matter of the contract, that it may be designated or pointed out in parol testimony by reason of such reference in the writing to such stream, town, conveyance or well-known object, then parol testimony is competent for that purpose; but that when the description in the writing has no such reference and it is necessary to resort to parol testimony to *identify* the subject matter of the contract as distinguished from a *designation* of it, then parol evidence is incompetent and the writing will be held insufficient to satisfy the demands of the statute.

In an exhaustive note to Bates v. Harris, which is also published in 36 L. R. A. (N. S.), 154, the editor, in an extensive review of the authorities on this subject, seems to take this distinction, and says:

"Applying these rules to the specific question under discussion, it would seem that where the description of the subject matter is such that, by the aid of extrinsic evidence, it may be applied to the exact property as to which the minds of the parties met, it would be sufficient; but that where the local appellation used does not supply the description, parol evidence would not be admissible, and the description would be insufficient under the Statute of Frauds. An examination of the following cases will show that this conclusion is supported by the authorities."

Black's Law Dictionary, 2nd edition, defines "identification" to be:

"The proving that a person, subject or article before the court is the very same that he or it is alleged, charged or reputed to be."

From this definition it is apparent that the identification of a tract of land described in a writing implies necessarily the giving of evidence as to whether or not it is the tract of land described in the writing, from outside facts not furnished by the writing itself; for, as

stated in Germinder v. Machinery Mutual Ins. Association, 120 Iowa, 614, "Identification is almost always a matter of opinion or belief."

On the contrary the word "designate" means, as defined in Webster's International Dictionary, "to point out," "to name," "to indicate," "to show," and as defined by the Standard Dictionary, to mean "to mention by distinctive name," "to identfy by name." Those definitions have been adopted by this court in the case of Blackburn v. Welsh, 138 Ky., 267.

Bouvier's Law Dictionary, Rawles' revision, in giving an instance of a designation, says:

"A bequest of the farm which the testator bought of a person named, or of a picture which he owns painted by a certain artist, would be a designation of the thing."

The evidence of identity must be furnished by the description in the writing; and where in such writing there is no reference to any town, village or stream, or other well-known local object, or to a former record conveyance of the same property, which would enable one to point out such property from the reference in the description, and there must be a resort to evidence not furnished by the writing itself to identify the subject matter, then it will be regarded as insufficient.

The description in the writing involved in this case was not sufficient to enable one to *designate or point out* the land which was the subject matter of the contract, and was therefore insufficient under the statute.

The chancellor below declined to enforce the contract, and that judgment is affirmed.