## COGDELL v. ROSS.  (No. 9975.)*

(Court of Civil Appeals of Texas. Fort Worth. May 13, 1922. Rehearing Denied June 17, 1922.)

1. Pleading ⬅⬟111—Burden is on plaintiff to overcome defendant's plea of privilege.

Where defendant filed a plea of privilege to be sued in the county of his residence in strict compliance with Vernon's Ann. Civ. St. Supp. 1918, art. 1903, making such filing prima facie proof of right to change, the burden is on plaintiff to show that the suit comes within one of the exceptions to Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, according generally to defendant's right to be sued in county of his residence.

2. Venue ⬅⬟7—Contract to perform in county other than that of defendant's residence cannot be implied.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, subd. 5, providing generally that one may be sued on a written contract in any county in which he has obligated himself to perform the contract, an action for damages for breach of contract for exchange of land, not specifically stating place for performance,

must be brought in the county of defendant's residence, as a condition for performance in another county cannot be implied, and parol evidence is not admissible to show such a promise.

3. Venue ⬅⬟7—Assumption of mortgage held not to fix venue of action on contract in county where land located.

A provision, in a contract for exchange of land between plaintiff and defendant, that defendant shall assume a specified amount on a mortgage on the land to be conveyed to him, is not sufficient to establish the venue of an action on the contract in the county in which such mortgaged land was located under Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, subd. 5, where the contract does not show on its face that the notes secured by the mortgage were payable in that county, and it not being permissible to show by evidence extrinsic to the contract that such was the case.

4. Venue ⬅⬟7—Performance of incidental acts connected with main obligation held not sufficient to fix venue.

Stipulations by defendant, in a contract to exchange lands, to furnish abstracts, to lease certain property, pay taxes, and furnish deed in county where suit was begun, all merely incidental to the principal and primary contract to convey title, held insufficient to fix venue in such county under Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, subd. 5, rather than in the county of defendant's residence.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

Action by W. R. Ross against D. C. Cogdell. From an order overruling defendant's plea of privilege to be sued in the county of his residence, defendant appeals. Reversed and rendered, with instructions.

Thompson, Barwise, Wharton & Hiner, of Fort Worth, for appellant.

Ross, Ross & Alexander, of Fort Worth, for appellee.

DUNKLIN, J. D. C. Cogdell has appealed from an order of court overruling his plea of privilege to be sued in Hood county, which was the county of his residence; the suit being instituted in Tarrant county.

The suit was instituted by W. R. Ross to recover damges for the alleged breach by Cogdell of the following contract in writing:

"The following agreement this day entered into by and between D. C. Cogdell, of Hood county, Tex., and known as the party of the first part, and W. R. Ross, of Tarrant county, Tex., and known as the party of the second part, whereas:

"The party of the first part agrees to trade to the party of the second part the following described land:

"Part of the Simon Cockrell survey which adjoins the ranch of the second party in Hood county, Tex. And all of the Millspaugh survey in Hood county, Tex., and all of the James W. Robinson survey in Hood county, Tex.,

and a part of the A. M. Walker survey in Hood county, Tex., and a part of the upper Thomas Robinson survey in Hood county, Tex., and a part of the J. D. Brown survey in Hood county, Tex. All of the aforesaid tracts of land containing six thousand acres.

"It is understood that about seven hundred acres of the Simon Cockrell tract is leased for oil and gas purposes and it is understood that the party of the second part is to accept the land subject to this lease.

"There is also an oil and gas lease outstanding on the William Millspaugh tract and it is understood that the party of the second part is to accept this tract subject to said lease.

"There is also a conditional lease on the Patton Bland survey and the party of the second part is to accept this tract of land subject to this conditional lease.

"In consideration for the above-mentioned land the party of the second part is to exchange to the party of the first part the following properties which are located in Tarrant county, Tex.:

"The three-story hotel which is located at the corner of Exchange avenue, and North Houston streets in the city of Fort Worth, said hotel is now known as the Stockyards Hotel, and all land which the party of the second part owns adjoining this property.

"Also the horse and mule barn on the east side of Ellis avenue, and is the barn which' is known as Ross Brothers Horse & Mule Company's barn number two and all the land which the party of the second part owns adjoining this property.

"Also the one-half undivided interest into the Concrete garage at 2310 North Main street, and the three vacant lots which adjoin this property on the south and corners at Twenty-Third street and North Main street, Fort Worth, Tex. The party of the first part agrees to assume indebtedness of $13,250.00 against this property.

"All the other properties as listed by both parties are to pass clear of any incumbrances. And the state and county taxes are to be paid by the party of the first part on the land which he is exchanging to the party of the second part, and the party of the second part is to pay the state, county and city taxes for the current year on the property which he is exchanging to the party of the first part.

"Each party to furnish abstracts showing a good commercial title in and to the properties above mentioned.

"The party of the first part agrees to have the land above mentioned surveyed, and furnish field notes to same, and the party of the second part agrees to have the above-mentioned properties which he is exchanging surveyed and the corners to same established.

"It is agreed that the party of the first part after the passing of titles will give to the party of the second part a five-year lease on the horse and mule barn above referred. And in consideration for said lease the party of the second part agrees to pay to the party of the first part two hundred dollars per month until the expiration of said lease.

"Said party of the second part shall have the right to surrender said lease at any time upon 'thirty days' notice to the party of the first part.

"It is agreed between both parties that this exchange will be made as soon as both parties have gotten their titles in shape and the surveys made. And not to be over thirty days.

"It is also agreed between both parties that the party of the first part shall begin receiving the rents from the property which the second party is transferring to the party of the first part from the first day of October, 1920. And that the party of the second part shall receive the rents from property which the party of the first part is transferring to the party of the second part from October 1, 1920."

[1] The plea of privilege filed by the defendant was in strict compliance with the provisions of article 1903, 1st Supp. V. S. Tex. Civ. Statutes; and it is well settled that the filing of the same was sufficient, prima facie, to entitle the defendant to a removal of the cause to the county of his residence; and the burden was upon the plaintiff to overcome such prima facie showing by allegations and proof that the suit came within' the provisions of some of the statutory exceptions to article 1830, V. S. Tex. Civ. Statutes, the general provisions of which accorded to the defendant the right to be sued in the county of his residence. Ray v. Kimball (Tex. Civ. App.) 207 S. W. 352; Clark v. Taylor (Tex. Civ. App.) 223 S. W. 878, and decisions there cited.

The plaintiff relied upon subdivision 5 of article 1830 to sustain the venue of the suit in Tarrant county. That subdivision reads as follows:

"Where a person has contracted in writing to perform an obligation in any particular county, in which case suit may be brought either in such county, or where the defendant has his domicile."

[2] No place of performance of any of the defendant's obligations was specifically stated in the written contract in controversy. It seems to be well settled that in order to overcome a plea of privilege such as was urged by the defendant herein, upon the theory that defendant bound himself in writing to perform the contract in the county where the suit is instituted and therefore to bring the case within the operation of subdivision 5 of article 1830, quoted above, the terms of the written contract alone must be looked to; and that an implied contract to perform in that county is not sufficient unless the same necessarily arises from the terms of the instrument. In other words, the rule is that parol evidence cannot be resorted to in order to' show that the defendant understood and agreed that his contract, which is made the basis of the suit, would be performed in the county where the suit is instituted. The following decisions announce the rule substantially as just stated: Ogburn-Dalchau Lumber Co. v. Taylor, 59 Tex. Civ. App. 442, 126 S. W. 48; Borden v. Le Tulle, 32 Tex.-

Civ. App. 477, 74 S. W. 788; Russell v. Green (Tex. Civ. App.) 214 S. W. 448; Valdespino v. Dorrance & Co. (Tex. Civ. App.) 207 S. W. 649; Kellner v. Ramdohr (Tex. Civ. App.) 207 S. W. 169; Clegg v. Brannon (Tex. Civ. App.) 190 S. W. 814; Jones v. Carver, 59 Tex. 293; Hall v. Cotton, 167 Ky. 464, 180 S. W. 779, L. R. A. 1916C, 1124, and notes on page 1127.

[3] Plaintiff in the trial court, appellee here, insists that venue of the suit in Tarrant county is sustained by virtue of the appellant's obligation expressed in the instrument "to assume an indebtedness of $13,250.00 against this property," the same being the property which appellee agreed to convey to him, in view of the proof introduced, aliunde the instrument, to the effect that at the time the contract was executed there was outstanding against the property which appellee agreed to convey to appellant one note for $2,500. three notes for $1,000 each, one note for $1,500, and four others for $4,875 each, aggregating in all the sum of $26,500, all secured by liens against the property, and each note stipulating that it should be paid in Fort Worth, Tex., which city is in the county where the suit was instituted. Those notes were payable to different parties and matured at different dates, and no proof whatever was offered, not even parol testimony, to show that appellant agreed to assume any particular note or notes, or that he knew that they stipulated payment in Fort Worth, Tex., and the absence of such proof, as well as the absence of any stipulation in the written contract that appellant agreed to pay the indebtedness assumed in Tarrant county, were urged as grounds for appellant's objection to all of said evidence.

Under the authorities above cited, we believe it clear that the court erred in admitting that evidence.

The appellee relies on such decisions as Phelps v. Norman (Tex. Civ. App.) 55 S. W. 978; King v. Parks, 26 Tex. Civ. App. 95, 63 S. W. 900; Darragh v. O'Connor (Tex. Civ. App.) 69 S. W. 644; Parr v. McGown (Tex. Civ. App.) 98 S. W. 950; Gambrell v. Tatum, 228 S. W. 287—to overcome the plea of privilege. As we construe them, none of those decisions are in conflict with those cited above to sustain our ruling here, since the contracts there construed, either specifically stipulated, or necessarily implied, that the obligations sued on would be performed in the counties where the suits were instituted or else, as shown by extrinsic evidence, they could not be performed in any other county.

[4] Even though it should be said that the contract clearly implied an agreement by appellant to furnish to appellee in Fort Worth, Tex., the place of his residence, abstracts of title to the lands in Hood county, yet that agreement was not sufficient to overcome

the plea of privilege, since it was merely an incident to the principal and primary obligation to convey title to those lands to appellee and the breach of which obligation was the gravamen of appellee's suit. Bomar Cotton Oil Co. v. Schubert (Tex. Civ. App.) 145 S. W. 1193; Ogburn-Dalchau Lumber Co. v. Taylor, 59 Tex. Civ. App. 442, 126 S. W. 48; Russell v. Green (Tex. Civ. App.) 214 S. W. 448; Flynt v. Eagle Pass Coal & Coke Co. (Tex. Civ. App.) 77 S. W. 831.

And for the same reason we overrule the further contentions made by appellee in his controverting plea that Tarrant county was the proper venue for the suit by reason of the stipulation contained in the contract that after consummation of exchange of the different properties between the parties, appellant would lease to the appellee the horse and mule barn located in Tarrant county and would thereafter pay the taxes on said property, which taxes could be paid only in that county. Nor is there any merit in the further contention that appellant could not receive the deed from appellee elsewhere than in Tarrant county, since is plain that such a deed could be accepted by appellant in Hood county as well as in Tarrant county.

The contract was attached to and made a part of plaintiff's controverting affidavit, filed in reply to the plea of privilege. By special exception addressed to the controverting plea, the appellant presented the contention that his contract to convey certain lands in Hood county did not describe the land which he agreed to convey in exchange for the appellee's property with that degree of certainty and particularity necessary to properly identify it, and therefore the contract was void because it was not specifically enforceable by reason of the statute of frauds, and since the specific enforcement of the same is forbidden by that statute, it cannot serve as a basis for the recovery of damages for its breach. Appellant urges the same contention here as a further ground for a reversal of the judgment of the trial court overruling his plea of privilege. He insists that if the record shows that the appellee has no valid cause of action for the relief sought by him in the suit, that fact of itself is sufficient to warrant a reversal of the order overruling the plea of privilege, independently of the other grounds discussed above. It will be observed that the written contract contains the stipulation that appellant should convey to the appellee parts of four different tracts of land without any designation of the amount of acreage to be taken out of each of those tracts, and without a description of any of such portions of those tracts. No authorities have been cited holding that a plea of privilege may be aided and sustained by a showing of a complete defense to the merits of plaintiff's suit. Even though we should be disposed to agree with the contention

made, that the plaintiff's cause of action is unenforceable by reason of the statute of frauds and the decisions such as Weatherley v. Choate, 21 Tex. 272; Pitts v. Kennedy (Tex. Civ. App.) 177 S. W. 1016; Robbins v. Winters (Tex. Civ. App.) 203 'S. W. 149; Davis v. Dilbeck (Tex. Civ. App.) 232 S. W. 927—in which it was held that if such a contract is void under the statute of frauds, it cannot serve as a basis for recovery of damages for its breach, yet we cannot say that appellee will be unable upon a trial of the case on its merits to overcome such a defense by proper pleading and proof. Hence, we shall not undertake to determine the merits of the contention last referred to, but the judgment of the trial court denying the plea of privilege will be reversed and judgment will be here rendered sustaining said plea for other reasons noted above; and the cause will be remanded to the trial court, with instructions of the clerk of that court to make out a correct transcript of all the orders made in this cause, certifying thereto officially under the seal of said court, and transmit the same, with the original papers in this cause, including the mandate from this court, to the clerk of the district court of Hood county, Tex., in accordance with the statutes in such cases made and provided.

Reversed and rendered, with instructions.