**BURRUS v. GRIFFIN et al.**

No. 3780.

Court of Civil Appeals of Texas. Amarillo.

April 6, 1932.

Rehearing Denied May 11, 1932.

See also (Tex. Civ. App.) 24 S.W.(2d) 805; (Tex. Com. App.) 24 S.W.(2d) 810.

Bean & Klett, of Lubbock, for appellant.

Dee Estes, Mike E. Smith, and J. Rob Griffin, all of Fort Worth, for appellees.

RANDOLPH, J.

This is an appeal from the order of the Ninty-Ninth district court of Lubbock county sustaining the defendant's plea of privilege to be sued in the district court of Tarrant county.

The case is appealed upon an agreed statement of facts, which is as follows:

"The appellant, J. R. Burrus, plaintiff below, sued the appellees, John R. Griffin, as principal, and Arnold Guertler, A. S. Mims, and E. R. Hale, as sureties, upon a $60.000.00 injunction bond that had been given by the defendants for the purpose of enjoining the plaintiff from enforcing a personal judgment of $30,000.00 that J. R. Burrus had obtained against John R. Griffin in a prior suit, as will more fully appear from the 'agreed statement of the case' copied under the appellant's assignment of error herein.

"Upon the trial of the injunction suit upon its merits, resulting in a dissolution of the injunction, the plaintiff, J. R. Burrus subsequently filed this suit in the 99th District Court of Lubbock County, Texas, to recover his damages upon said injunction bond. All of the defendants were served with citations, except A. S. Mims, who could not be found, and all those that were served filed plea of privilege in the usual form, stating under oath that they were residents of Tarrant County, Texas, and asking that the cause be transferred on the plea of privilege to the District Court of Tarrant County. In due time, plaintiff filed controverting affidavits and upon hearing of the plea of privilege and controverting affidavit, as per 'agreed statement of the case,' copied under appellant's first assignment of error, the 99th District Court sustained said plea of privilege, and ordered the cause transferred to Tarrant County, to which action of the Court the plaintiff duly excepted, gave notice of appeal to this Court, filed appeal bond, and duly perfected the appeal by filing a Clerk's transcript, including said 'agreed statement of the case' in this Court, in the time and manner provided by law.

"The plaintiff alleges the defendants, by reason of the foregoing injunction, enjoined him from having execution issued or levied, caused him a long delay in the enforcement of his judgment, and ultimately prevented him from recovering any part of said judgment, by reason of the fact that judgment debtor finally took bankruptcy, out of which the judgment plaintiff only received $800.00.

Plaintiff not only suffered the loss of $30,000.-00, which he alleges he could have collected out of property of the defendants subject to execution, but he also expended considerable costs of court recoverable under the injunction bond which obligated the principal and sureties to 'abide the decision which may be made' in the injunction suit, and also 'pay all sums of money as damages and costs that may be adjudged against him, if the injunction be dissolved in whole or in part.'

"The 'Agreed statement of the case' further recites:

" 'It is agreed by all the parties that costs incurred by J. R. Burrus and taxed as costs against John R. Griffin never have been paid by John R. Griffin, that the amount before the filing of the present suit amounted to $10.00 or more. It is further agreed that since the filing of this suit the remainder of the costs have been paid in this case, in 2719-A.' The plaintiff in this case takes the position that, while there is no express stipulation in the written contract sued on obligating the defendants to pay the damages and costs in Lubbock County, Texas, the defendants are bound by necessary implication, under said statutory injunction bond and the law applicable thereto, to pay all or part of the damages in said County, and particularly the unpaid costs provided for in said bond, and in view of the further fact that the law recognizes, if it does not require, that costs should be payable in the county where the judgment is enjoined, and in the Court which has jurisdiction over the injunction bond and parties thereto."

Two propositions are presented for our decision by appellant. These propositions are as follows:

"First Proposition. Under the injunction bond sued on, the principal and sureties were obligated by necessary implication, to pay said damages and costs, and particularly the costs, in the county where said injunction suit was pending, namely Lubbock County."

"Second Proposition. Under the injunction bond making the principal and sureties parties to the injunction suit, and under Article 2069 providing that 'all bonds given as security for costs shall authorize judgment against all the obligors in such bond for said costs, to be entered in the final judgment of the cause,' the District Court of Lubbock County, where said injunction bond was filed, had jurisdiction over the parties and jurisdiction to enter judgment upon said bond under appropriate pleadings."

The appellees contend that the bond controls the question of jurisdiction of the person of the defendants, and fixes that jurisdiction in Tarrant county. We omit the formal parts of the bond, and quote that portion which appellees insist furnishes the basis of their contention: "Now, Therefore, Know All Men By These Presents, that we, John R. Griffin, as principal, and A. S. Mims, Arnold Guertler and E. R. Hale, as sureties, do hereby acknowledge ourselves bound to pay to J. R. Burrus the sum of Sixty Thousand Dollars, conditioned that the said John R. Griffin, plaintiff in said cause, will abide the decision which may be made therein, and pay all sums of money as damages and costs that may be adjudged against him, if the injunction be dissolved in whole or in part."

The appellant insists that the liability on the bond sued on is controlled by article 2069, R. C. S. 1925, which provides as follows: "All bonds given as security for costs shall authorize judgment against all the obligors in such bond for the said costs, to be entered in the final judgment of the cause."

From this statute, it is contended by appellant's counsel that the law makes at least part of the injunction bond sued on performable in the county in which said injunction suit and bond were filed; that is, that portion which secures the payment of the costs. They frankly admit that they cannot furnish the court with any law directly in point, but they do cite certain authorities which they think by the principles laid down in them furnish light on the question here presented.

The case of Bodeman v. Reinhard (Tex. Civ. App.) 54 S. W. 1051, is not in point, and does not even by implication adjudicate any question herein involved. In that case all the parties seem to have been residents of the county in which the original suit and the suit brought against the sureties to the cost bond were filed and disposed of. Further, that court decided the question of res judicata and held that, as the trial court rendered no judgment as to the sureties, the matter had not been formerly decided. We think that there can be no doubt that the appellant has shown a cause of action on the bond as against the sureties on its face; but the question to be determined here is, Should such cause of action have been brought against the sureties in Tarrant county?

In the case of Boyd v. Genitempo (Tex. Civ. App.) 260 S. W. 934, where suit was brought by Genitempo against Boyd, state game, fish, and oyster commissioner, his deputy, and the sureties on his official bond, in the district court of Nueces county. All of the defendants resided in Wise county except Thompson, the deputy of Boyd, who resided in San Patricio county, and who entered his appearance without claiming venue privilege. Genitempo was operating a business of gathering and marketing fish and other sea foods under license from the state, but said Commissioner Boyd, acting by his deputy Thompson and another, arrested two fishing crews, taking them and their seines out of Nueces county into San Patricio county, and destroyed the seines by fire. On that same day Thompson filed complaint in Nueces county

against the captains of two of the fishing boats, charging them with violations of articles 9230, et seq., Vernon's Ann. P. C. Supp. 1922. Each of these persons were subsequently acquitted. They were working for the plaintiff in that case.

The plaintiff's case was based upon the alleged trespass and the unlawful seizure of plaintiff's seines, and thereafter the destruction of same. The defendants, with the exception of Thompson, pleaded privilege to be sued in Wise county, the county of their residence. Briefly stated, as we analyze the decision, the San Antonio court held that it was conclusively shown that the acts of trespass were committed in the course of their official employment by deputies of Boyd, Witt and Thompson, who, under the law, were appointed by, and were at all times subject to, the orders of Boyd, and were therefore acting under and were responsible to the said commissioner, who was responsible on his official bond for the official acts of his deputies. The question decided in that case, the principal having been properly sued in Nueces county, where none of the several defendants resided, including the sureties upon Boyd's official bond, were properly sued in Nueces county, though they resided in Wise county. In deciding that question, Judge Smith, speaking for the San Antonio court, held that the sureties were properly sued in Nueces county. This holding was based upon the fact that the liability of the principal and sureties was coextensive with the limits of the state of Texas, for the reason that the commissioner is bound by his oath of office and obligation and by his official bond to a faithful performance of his duty, wherever it call him, in every part of every county in the state. That the official responsibility in his official undertaking reaches to every nook and corner of the commonwealth, and no spot is so remote as to be beyond the obligation of his bond to protect citizens from his blunders. He and his sureties are, of course, charged with notice of these principles and the legal effect of his undertaking.

■ Under this reasoning, the San Antonio court held that the sureties were properly suable in Nueces county. We do not think that the reasoning of the above decision applies to the solution of the question presented in this case, as appears from the very reasoning set out in the opinion of Judge Smith. Considering the bond herein, if we should view it from the standpoint of a bond for costs, then it is very evident from the language of article 2069 that judgment should have been sought in the original suit, for it is apparent from the provision of the statute that such judgment should be entered "in the final judgment of the cause."

We therefore think, the plaintiff having brought an independent suit to recover the costs and the penalty of the bond, that the

venue of the suit against the defendants was in the district court of Tarrant county. The bond in this case does not specify any place of performance. Geo. S. Allison & Sons v. Hamic et al. (Tex. Com. App.) 260 S. W. 1037; Cogdell v. Ross (Tex. Civ. App.) 243 S. W. 559, 560; Davis v. Gouldy (Tex. Civ. App.) 243 S. W. 715.

■ The statute, providing that suit be brought in the county of defendant's residence, provides a valuable right to the defendant, and he will not be deprived of this right by a strained and doubtful inference or construction of the instrument sued on. Watson Co. v. Alfalfa Growers' Exchange (Tex. Civ. App.) 300 S. W. 199.

In the case of Wood v. Hollander, 84 Tex. 394, 19 S. W. 551, 552, a suit was brought upon an injunction bond in the district court of Grayson county, in which county some of the defendants resided. In that case, Judge Henry, speaking for the Supreme Court, says: "The fact that the injunction bond was executed and filed in a suit pending in the district court of Red River county is no reason why this suit could not be properly brought and maintained in the district court of Grayson county, where some of the defendants reside."

It is only by inference that the Supreme Court indicates that suit might have been maintained in Red River county, in the district court of which county the writ was issued and the bond filed. No authorities are cited by the court, and there is no discussion of the question by that court. The holding that the suit was properly brought in Grayson county, where some of the defendants reside, was the only holding necessary to a decision of the question. We do not think that such decision is binding on us, requiring us to hold that this suit should have been brought in Lubbock county, for the reason that it was not necessary to a decision of that case. It has been held time and again by our Courts of Civil Appeals that the right of a party to be sued in the county of his residence, as stated above, is a valuable right, and we cannot assent to the proposition that a citizen can be sued in a county other than the county of his residence unless it clearly appears that the law, without giving it a strained construction, requires him to answer in that other county.

Believing that the trial court did not err in sustaining the defendant's plea of privilege, we affirm the judgment of the trial court.

On Motion for Rehearing.

MARTIN, J.

The importance of the question decided in the original opinion has caused us to again carefully review this record, and we have come to the conclusion that we have correctly disposed of the question decided.

In discussing and disposing of the question with regard to venue in a suit against the sureties on an administrator's bond, the Supreme Court uses the following language:

"His conversion of the property of the estate to his own use may have taken place at any point within the state. Yet it cannot be contended that the sureties on his bond could have been sued for these acts of devastavit in the respective counties where they took place.

"To entitle a plaintiff to sue in a county other than the residence of the defendant, he must bring his case clearly within one of the exceptions of the statute. The fifth exception seems to contemplate that the instrument of writing should plainly provide that the obligation for the breach of which the defendant is sued is to be performed in a county different from that in which the defendant resides. We do not consider that an administrator's bond, under the statute, compels the surety to answer for the defalcations of his principal in any particular county, and hence that he must be sued in the county of his residence." Robert Cohen v. T. J. Munson, Guardian, 59 Tex. 236, 237.

Again, in the case of First State Bank of Mt. Calm v. Fain (Tex. Civ. App.) 157 S. W. 454, 456, the court, in disposing of a question of proper venue in a suit against the sureties on the bond of a bank cashier, said: "It is also contended by appellant that the venue of the case was properly laid in Hill county for the reason that Milam's obligation under the bond was performable in Hill county, and hence within the fifth exception of the statute permitting defendants who are inhabitants of this state to be sued in a county other than that of his domicile. Article 1830, § 5, R. S. 1911. We think it clear that the bond sued upon in no respect required Milam to perform his obligation as surety in Hill county. His obligation in simple language is to pay the bank any losses due to the acts of Fain. The bond is silent concerning where he shall pay the losses, if any result. Nor is there anything in the bond which, by implication, can be said to be an agreement to pay in Hill county. The recitals in the bond that Fain was to perform certain duties to be in behalf of a bank doing business in Hill county, and as a consequence his duties performable there, does not furnish sufficient basis for holding that Milam should pay his losses in that county."

In the case of State v. Woodville, 13 Tex. Civ. App. 217, 35 S. W. 861, the sureties on a liquor dealer's bond raised the question of venue, but their contention was overruled on the ground that the conditions of their bond were necessarily performable in Nacogdoches county where the principal did business. This case is distinguishable, in our opinion, from the instant one for the reasons pointed out in First State Bank v. Fain (Tex. Civ. App.) 157 S. W. 454, cited above.

The motion is overruled.