## FIDELITY SECURITIES CO. v. OWENS.
### No. 12939.

Court of Civil Appeals of Texas.
Fort Worth.
March 3, 1934.

Everette B. Parks and Baskett & De Lee, all of Dallas, for appellant.

W. C. Boyd, of Denton, for appellee.

DUNKLIN, Chief Justice.

Since the contract sued on did not bind defendant to pay commissions in Denton county, where the suit was instituted, the absence of such an agreement could not be supplied by proof of an understanding that plaintiff was to perform service for which he sued in Denton county; and therefore plaintiff's allegations of fact in his controverting affidavit failed to show venue in Denton county, under subdivision 5 of article 1995, Rev. Civ. Statutes. Geo. S. Allison & Sons v. Hamic (Tex. Com. App.) 260 S. W. 1037; Burrus v. Griffin (Tex. Civ. App.) 49 S.W.(2d) 902; Robbins v. Landa (Tex. Civ. App.) 46 S.W.(2d) 459; Curlee Clothing Co. v. Wickliffe (Tex. Civ. App.) 38 S.W.(2d) 175.

This was not a suit against an association, corporation, or joint-stock company, but against the defendant Lasater individually, although doing business in a trade-name of such an association, and therefore subdivision 23 of article 1995 and many decisions cited thereunder, all to the effect that suit may be brought against such an association, corporation, or joint-stock company in any county where the cause of action, or a part thereof, arose, have no application here.

It follows, therefore, that the right accorded to the defendant by article 1995, subd. 5, to be sued in the county of his residence, was not defeated by the allegations in plaintiff's petition and controverting affidavit to the defendant's plea of privilege, which was in statutory form, even though such allegations be taken as true. And, for that reason alone, the plea of privilege should have been sustained.

Furthermore, the burden was on the plaintiff to introduce proof upon the hearing of the plea sufficient to make a prima facie case of liability on the part of the de-

fendant in order to sustain the allegations in the controverting affidavit. And we believe it to be apparent from the face of the record that no such evidence was introduced. Since there is no statement of facts and no recital in the order of the court that evidence was heard, and no other showing in the record to that effect, it is apparent that the trial court's conclusion that the plea of privilege should be overruled was based solely upon a consideration of the allegations in plaintiff's controverting affidavit. That fact, if true, would be sufficient of itself to show error in overruling the plea of privilege. World Co. v. Dow, 116 Tex. 146, 287 S. W. 241; First Nat'l Bank v. Bulls (Tex. Civ. App.) 243 S. W. 577, and decisions there cited; Jackson v. United Producers' Pipe Line Co. (Tex. Civ. App.) 33 S.W.(2d) 540; Weir-Martin Imp. Co. v. Rice (Tex. Civ. App.) 44 S.W.(2d) 1006.

Accordingly, the judgment of the trial court overruling the plea of privilege is reversed, and the cause is remanded, with instructions to that court to enter an order sustaining the plea of privilege and transferring the case to the proper court in Dallas county, in accordance with the statutes in such cases made and provided.