## Murphy et al. v. Koll Grocery Co.

November 11, 1949.

Rehearing denied January 24, 1950.

Anderson & Anderson for appellants.

Wilson & Wilson for appellee.

CLAY, COMMISSIONER—Affirming.

This is a suit for specific performance of an alleged

contract to convey real estate. The Circuit Court sustained a general demurrer to appellants' petition and dismissed it. The petition stated appellee owned a building located on Crittenden Street in Owensboro, being the only building it owned anywhere. On December 15, 1947, both parties executed the following written instrument: (our italics)

"This contract entered into and between the Koll Grocery Company, Incorporated, Owensboro, Ky. and the Murphy Grain and Milling Company:

"The said Koll Grocery Company has this day received from said Murphy Grain & Milling Company $5,000.00 as part payment *on Building* owned by said Koll Grocery which *for the sum of $75,000.00* has been purchased by said Murphy Grain & Milling Co.

*"Agreement and time of possession and balance of payment to be arranged at a later date."*

Subsequently appellants offered to pay the alleged balance of $70,000 and demanded delivery of a deed. Still later, after the $5,000 originally paid had been returned, appellants tendered certified checks in the amount of $75,000. Appellee refused to convey.

The sole issue presented is whether or not the memorandum above quoted is sufficiently definite and certain to constitute an enforceable contract between the parties.

In the first place, there is a serious problem involving the identity of the subject matter. The only reference in the memorandum is to a "building" owned by appellee. While there is an allegation that it owns no other building anywhere, there is nothing in the contract to identify the extent of land, if any, to be conveyed with it. The reference *designates* the type of property to be conveyed, but it does not *identify* it. Ordinarily parol evidence is not competent to establish the subject matter of a contract, and without such evidence, the writing is insufficient. See Hall et al. v. Cotton, 167 Ky. 464, 180 S. W. 779, L. R. A. 1916C, 1124.

Conceding however, that the subject matter is sufficiently identified, there are other vital elements totally lacking. The last sentence of the writing provides that

the parties will at a later date arrange: (1) the agreement, (2) the time of possession, and (3) the payment of the balance due. This provision indicates the parties, though having reached a *general basis of agreement,* felt it necessary to work out subsequently the satisfactory terms. At the outset the instrument does not clearly show appellants undertook to pay the apparent purchase price of $75,000. There is no such promise in the memorandum.

Still further, the time for delivery of possession is obviously important in a contract of this kind. It has been recognized in some cases that where no time is fixed for the execution of an agreement, a reasonable time may be implied. See Ferguson v. Harris and Speakes, 200 Ky. 146, 254 S. W. 329. Yet the parties in this case left no room for implication when they expressly provided that this essential element would be later arranged.

Perhaps most significant of all, the parties provided for a subsequent agreement regarding the terms of payment on the balance of the purchase price. While appellants state in their brief that the terms were cash, there is no basis for such conclusion in the writing. The language used seems to indicate otherwise. It is entirely possible that appellee, for tax purposes or other reasons, might not want cash. On the other hand, at the time the memorandum was signed, appellee might not have been able to raise such a substantial sum. Clearly this feature of the contract was of cardinal consequence to both parties, and yet it was never agreed upon.

To test the soundness of appellants' contention that the contract was sufficiently definite and certain, we need simply reverse the position of the parties. Suppose appellee was suing appellants for $75,000. Where is the promise to pay such sum? If such agreement existed, when and how was it to be paid? What interest on any unpaid balance was to be charged? What tender, relative to the deed and possession, would be required of appellee to put itself in a position to demand performance by appellants. The difficulty of answering these questions plainly demonstrates the indefinite features of this alleged undertaking. Not only that, but appellee's in-

ability to frame any cause of action on the memorandum shows a lack of mutuality which by itself would authorize a court of equity to refuse specific performance. See 49 Am. Jur., Specific Performance, Section 34.

Considering all the factors above discussed, we are of the opinion the Chancellor correctly adjudicated the matter.

The judgment is affirmed.