**Dorse DUFF, Appellant,**

v.

**Gora DUFF et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 16, 1956.

Stoll, Keenon & Park, R. W. Keenon, Lexington, Scott E. Duff, Hazard, for appellant.

Ward & Ward, Hazard, Eldon S. Dummitt, Nolan Carter, Lexington, for appellees.

STEWART, Judge.

In 1946, Floyd Duff died testate and by his will left his entire estate to his wife, Gora Duff, and to an adopted son, Dorse Duff, one half to each, except that in the event of the death of either the whole estate should go to the survivor. After the institution of this action, the adopted son purchased the entire interest of the widow and this action was dismissed in so far as Gora Duff is concerned. Floyd Duff was survived by four brothers, namely, Chester Duff, H. P. Duff, Ira J. Duff, and Zach T. Duff. Thereafter Chester Duff died intestate the latter part of 1953, and his property descended to his brothers, the last three named above, and to Dorse Duff, the adopted son of Floyd Duff.

At the time of his death Floyd Duff was listed as owning several tracts of lands and minerals. Some of the deeds were made to Floyd Duff as the sole fee-simple owner thereof; others contain the word "Trustee" after Floyd Duff's name as grantee. An action, originally begun to determine whether certain boundaries in which Floyd Duff held an interest should be partitioned or sold for division of the proceeds, was finally extended to include all the real property in which Floyd Duff retained an interest. The lower court ordered all such real property sold for the purpose of dividing the proceeds among those entitled thereto. No objection has been voiced here to this adjudication. This appeal by Dorse Duff questions the correctness of the lower court's apportionment of his share of the proceeds derived from the

sale of certain tracts hereinafter mentioned.

The judgment ordering the sale referred to Floyd Duff's properties as Tracts 1 to 13, inclusive. It is admitted the lower court's holding is accurate in all respects as to the interest owned by the respective parties herein in Tracts 1 through 5. The extent of the interests of these parties set forth in the judgment as to Tract 6 is obviously wrong and we shall show that this is true later on in this opinion.

The primary ground urged for reversal concerns that portion of the judgment which decreed that Chester Duff owned a one-half interest, or any interest, in Tracts 7 to 13, inclusive, with the result that this one-half interest passed to and became vested in Chester Duff's heirs at law. The latter are Ira J. Duff, H. P. Duff and Zach T. Duff, appellees, and Dorse Duff, appellant.

The claim of appellees to any interest in Tracts 7 through 13 as set forth in the judgment rests upon a typewritten letter purportedly written by Floyd Duff to Chester Duff, dated September 11, 1935. This writing in substance stated that Chester Duff was the owner of an undivided one-half interest in certain properties held in the name of Floyd Duff and each tract was described with particularity therein. The writing concluded with this sentence: "I will hold all of this property in my name until requested by you to make you title to your interests." It was signed, "Floyd Duff, Trustee", and witnessed by E. M. Hoskins and H. P. Duff. This writing, if we construe it to be a valid document, would establish an express trust in favor of the heirs at law of Chester Duff as to the tracts under discussion.

■ Appellant first maintains it was not adequately proven that Floyd Duff signed this letter. We disagree. Although H. P. Duff was unable to remember many of the facts surrounding his signing the paper as a witness, he did testify positively that the signature to the letter was Floyd Duff's. It is significant that no witness appeared on behalf of appellant who denied the genuineness of Floyd Duff's signature; in fact, there is not even the slightest hint in the record that the letter or the signature affixed thereto was forged. E. M. Hoskins, the other witness to the writing, did not testify because he had died before the commencement of this litigation. The writing was recorded in the Breathitt County Court Clerk's office on June 17, 1948, and there is this notation on the back of it: "Mail to C. E. Duff c/o Phoenix Hotel Lex. Ky." C. E. Duff is the same person as Chester Duff. It was not revealed who made this notation, but Chester Duff lived at that time at the Phoenix Hotel in Lexington and after his death the letter was found among his papers, according to the testimony of Ira J. Duff. There is undisputed evidence to the effect that Floyd Duff and Chester Duff were often partners in real estate transactions. For example, Tract 6, mentioned above, was deeded to "Floyd Duff, Trustee", without any mention whatsoever of Chester Duff in the conveyance, and it was conceded by Gora Duff in her complaint and by Dorse Duff in his answer that Chester Duff owned an interest in that property. The trial court adjudged the letter to be valid, and, since this was a finding of fact based upon proof of probative value in view of the evidence presented, we do not believe this holding should be disturbed. See CR 52.01.

■ Appellant's second contention is that the letter, if genuine, does not identify the property therein referred to with sufficient definiteness to have enabled the trial court to conclude that the property described in the letter is in fact the land involved in litigation here, that is, Tracts 7 through 13. Appellant in his brief takes, one by one, the descriptions of the lots as given in the judgment and then undertakes to demonstrate that it is virtually impossible to determine that these tracts are

those mentioned in the letter. This theory would be somewhat persuasive if the descriptions given in the judgment were the only ones in the record. The descriptions set out in the judgment were copied verbatim from certain deeds which had been given by various persons to Floyd Duff, but these descriptions *omit the names of the various grantors,* and this is the principal way in which the letter describes the tracts. Copies of these deeds, complete with the names of the grantors, are in the record as exhibits and an examination of them readily enables one to see that the various pieces of property mentioned in the letter, as the "so-and-so" property, correspond respectively to the properties described in the judgment as Tracts 7 through 13. There is no suggestion in appellant's brief that such a description is inadequate. While perhaps not exactly in point, the following cases indicate that a description of the nature contained in the letter is sufficient to describe realty. See Hall v. Cotton, 167 Ky. 464, 180 S.W. 779, L.R.A.1916C, 1124; Bates v. Harris, 144 Ky. 399, 138 S.W. 276, 36 L.R.A.,N.S, 154; Tracy v. Aldrich, Mo., 236 S.W. 347; Anderson v. Hall, Mo., 188 S.W. 79. We have no difficulty in concluding the trial court correctly held under the evidence the letter adequately identified the property involved.

A final problem to be disposed of relates to the allocation of the proceeds resulting from the sale of Tract 6. In the complaint it was alleged that Floyd Duff and Chester Duff each owned a one-half interest in this tract. Dorse Duff and appellees admitted this averment in their respective answers. The trial court in its "Findings of Fact and Conclusions of Law" arrived at the same view. The judgment, however, makes a different disposition of the property. Since all the parties agree that Chester Duff owned an undivided one-half interest in Tract 6, it appears the lower court's error was a clerical mistake that should be corrected by a supplemental judgment to conform to its findings of fact.

The old apportionment should therefore be set aside and the new allocation of the proceeds in lieu thereof should be as follows:

| Gora Duff | 2/8 |
| Dorse Duff | 3/8 |
| Zach T. Duff | 1/8 |
| Ira J. Duff | 1/8 |
| H. P. Duff | 1/8 |

Other questions were discussed in the respective briefs, particularly a procedural one, which our determination of this case makes it unnecessary to consider.

Wherefore, the judgment is affirmed with directions that the clerical error described above be corrected in the manner indicated.