CASE 69—PETITION EQUITY—October 20.

## Jones v. Tye.

APPEAL FROM WHITLEY COURT OF COMMON PLEAS.

STATUTE OF FRAUDS.—A receipt for purchase money executed by vendor to vendee, if it describes the land sold, is a sufficient memorandum of the contract to satisfy the statute of frauds. But as the receipt executed in this case contains no other description of the land than a reference to it as "adjoining the McKibly land," it is not a sufficient memorandum of the contract to satisfy the statute, as there are two tracts of land which answer the description, and verbal testimony can not be resorted to for the purpose of determining which tract is referred to.

K. D. PERKINS FOR APPELLANT.

The receipt filed with appellee's petition is not a sufficient memorandum to take the contract out of the statute of frauds and perjuries. (6 Ky. Law Rep., 444.)

HILL & DENHAM FOR APPELLEE.

Is the writing relied on to take the contract out of the statute of frauds not

sufficient for that purpose? (Miller's Heirs v. Antle, 2 Bush, 408; Overstreet v. Rice, 4 Bush, 3; Fugate v. Hansford, 3 Litt., 262; Winn v. Henry, 7 Ky. Law Rep., 693; Camp v. Moorman, 8 Ky. Law Rep., 552.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellee's action is to enforce the specific performance of a verbal purchase of a tract of land from the appellant. The court, it is supposed, decreed the specific performance upon the ground that the following receipt was a sufficient memorandum to comply with the statute of frauds and perjuries relative to the sale of land: "Received of John S. Tye, eighteen dollars, remainder of the payment of the purchase money on the land bought of Madison Jones, adjoining the McKibly land. July the 2d, 1884.

"MADISON JONES."

There is no identification of the land mentioned in the receipt, save the testimony of the appellee corroborated in part by Mr. Bowlin, that the land in controversy is the land referred to in the receipt. On the other hand, the appellant swears that the land referred to in the receipt is another and different tract from the land in controversy, which he sold to the appellee at the same time it is alleged that he sold him the land in controversy, and that he never sold him the latter piece of land. The statement in the receipt, that the land sold adjoins the McKibly land, does not serve to identify the land in controversy, because the land that the appellant admits that he sold to the appellee adjoins the McKibly land as well as the land in controversy adjoins it; so the statement that the land sold adjoins the McKibly land may refer to either parcel; therefore, in order to

determine which piece the expression refers to, verbal testimony must be resorted to, which is clearly not permissible in this State; for it is, as said in Harrison, &c., v. Lane, &c., 4 Bibb, 446, the evils arising from the admissibility of verbal testimony in such case, "it was the great object of the statute to prevent." In Overstreet v. Rice, 4 Bush, 1, and in Tyler v. Onzts, 93 Ky., 331, the same rule is announced.

The receipt quoted in the 4 Bibb case, *supra*, said that the money was received as "part pay of a lot bought of me in the town of Versailles." That receipt mentioned the town in which the lot was lying; whereas, the receipt in this case does not mention where the land lay; but the court held in that case that the receipt was not a sufficient memorandum, on account of its uncertainty, to take the sale out of the statute of frauds, etc. So in the 4 Bush case, *supra*, the written memorandum was that the parties had "swapped farms," but not saying where the land lay. The court held in that case that the memorandum, not identifying the land, was not sufficient to take the contract out of the statute of frauds. But the court says that when the parties have thereafter rendered the uncertainty certain, by taking possession and consummating the mutual exchange, it is too late for either party to repudiate the agreement. By taking possession, which is an admitted physical fact, without which there can not be a perfect title and right to land, the uncertainty is made certain—the land is thereby identified. According to these cases, and others that might be cited, it is clear that the receipt in this case is not a sufficient memorandum of the sale to comply with the statute of frauds; because it fails to identify with reasonable cer-

tainty the land sold, and to allow the controversy as to the identity of the land to be settled by the mere weight of verbal testimony, would, as it seems to us, defeat the very object of the statute of frauds. The receipt in the case of Tyler v. Onzts, *supra*, recited that the cash payment "was on lot No. 4, block 9, N. E., in Middlesboro,. Ky."

It will be seen that the receipt identified the lot sold, which, if set forth in a bond for a title, would be sufficient. And the court held in that case that, although the description of the land and the terms of sale were set forth in a receipt—if sufficient to identify the land as the property sold—was such a memorandum as complied with the statute of frauds relative to the sale of land.

The judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.