## Bates, et al. v. Harris, et al.

(Decided June 21, 1911.)

### Appeal from Madison Circuit Court.

1. Vendor and Vendee—Contract of Sale of Land—Statute of Frauds.
   —A contract for the sale of land describing it as "her Muddy
   Creek farm," the farm embraces 113 acres," is not void under the
   statute of frauds for insufficiency of description.

2. Specific Performance—Tender.—Where the vendee offers to com-
   ply, but the vendor refuses to convey and announces her purpose
   not to carry out the contract her contract amounts to a waiver
   of a proper tender of the purchase money.

R. H. CROOKE and J. T. COBB for appellants.

C. H. BRECK and C. C. WALLACE for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY,
COMMISSIONER—Affirming.

On November 8, 1909, appellant, Margaret A. Bates,
and appellee, Giles Harris, as agent of his wife, Belle
D. Harris, entered into the following agreement:

"Article of agreement and entere into, this Novem-
ber 8, 1909, between Giles Harris as agent of his wife,
Belle D. Harris, of the first part, and Mrs. Margaret
Anne Bates, of the second part, both parties of Madi-
son County, Kentucky, Witnesseth: The said Bates of
the second part has this, the above date, bargained and
sold her Muddy Creek farm to said Harris first part
for the consideration of $90.00 per acre. The farm em-
braces 113 acres.

"Possession to be given the 1st day of January,
1910, when the payment conditions are complied with as
verbally agreed upon. All the purchase money to be
paid in the year 1910 of six months intervals.

"GILES HARRIS,
"MARGARET A. BATES."

"Witness: S. W. BATES."

At the same time another copy of the agreement was
prepared, wherein the contracting parties were Giles
Harris, as agent of his wife, Belle D. Harris, of the first
part, and W. H. Bates and his wife, Margaret A. Bates,
of the second part; with this exception the two writings
are substantially the same.

As appellant, Margaret A. Bates, declined to convey the land in accordance with the agreement, appellees, Belle D. Harris and her husband, Giles Harris brought this action to enforce a specific performance. Upon the submission of the case the chancellor adjudged them the relief sought, and Margaret A. Bates appeals:

Three grounds are relied upon for reversal:

(1.) The writing does not sufficiently identify the property and the terms of sale to take it out of the statute of frauds.

(2). It was a condition precedent to the agreement taking effect that it should be signed by appellant's husband, W. H. Bates, and, as he never signed the agreement, it was not binding on appellant.

(3) There was no tender of the purchase money before suit was brought.

1. The description is as follows: "Her Muddy Creek farm.  *  *  *  The farm embraces (113 acres) one hundred and thirteen acres." Is this description sufficient? The rule is, that where the writing within itself, or by reference to other writings, contains sufficient data so that by the aid of parol evidence no question as to the intention of the parties can arise, it is sufficient. The most specific and precise description of the property requires some parol proof to complete its identification. A more general description requires more. When all the circumstances of possession, ownership, situation of the parties and their relations to each other and to the property, as they were when the negotiations took place and the writings made, are disclosed, if the meaning and application of the writing, read in the light of these circumstances, are certain and plain, the parties will be bound by it as a sufficient written contract or memorandum of their agreement. (Wood on Statute of Frauds, section 353; Meade v. Parker, 15 Am. Rep., 110; Hyden v. Perkins, et al., 119 Ky., 188.) This court, in the case of Moayon v. Moayon, 114 Ky., 855, used the following language:

"In Warvelle on Vendors, section 135, it is said that a description as 'my house and lot' imports a particular house and lot, rendered certain by the description that it is the one that belongs to 'me.' The following descriptions have been held sufficient: 'My lot on the plat in the town of S., on the plat of said town, on the river bank' (Colenck v. Hooper, 3 Ind., 316, 56 Am. Dec., 505); the

'Snow farm' (Hollis v. Burgess, 37 Kan., 487, 15 Pac., 536); 'H's place at S.' (Hodges v. Kowing, 58 Conn., 12, 18 Atl., 979, 7 L. R. A.; 87); the 'Knapp home property' (Goodenow v. Curtis, 18 Mich., 298); an agreement to convey land described as 'occupied' by the vendor or a third person (Angel v. Simpson, 85 Ala., 53, 3 South., 758; Towle v. Carmelo Land & Coal Co., 99 Cal., 397, 33 Pac., 1126; Doctor v. Hellberg, 65 Wis., 415, 27 N. W., 176). In all such cases parol evidence was admitted not to identify, but to designate, the subject-matter, already identified in the minds of the parties, in the language of the contract when read in the light of the facts. In this State, in Overstreet v. Rice, 4 Bush, 3, 96 Am. Dec., 279, the expression, 'We have swapped farms,' naming the terms, but without further description of either farm, was held sufficient, after the parties had themselves identified the lands intended to be affected, by taking possession of them. In Ellis v. Deadman's Heirs, 4 Bibb., 466, the writing was: '4 January, 1808. Received of Jesse Ellis $———, in part pay for a lot he bought of me in the town of Versailles; it being the cash part of the purchase of said lot. Nathan Deadman.' This court said: 'Had the receipt specified the terms of the agreement, there would have been no doubt of the propriety of decreeing the specific execution.' It is as essential that the terms be specified as the description of the property. 'Ten acres adjoining him on the north,' in a bond for the title to land of the vendor adjoining the vendee, was held sufficient in Hanly v. Blackford, 1 Dana, 2, 25 Am. Dec., 114. In Henderson v. Perkins, 94 Ky., 211 (14 R., 782, 21 S. W., 1035), the description was, 'my home place and storehouse.' It was held sufficient, on the authority of Ellis v. Deadman's Heirs, supra, and Hanly v. Blackford, supra. In the case of Varnum v. State. 78 Ala., 28, the description was: 'My entire crop of every description, raised by me, or caused to be raised by me, annually till this debt is paid.' While that was not concerning real estate, it was such a contract (one not to be performed within a year) as was, by the statute of frauds, required to be in writing. Concerning that description that court said: 'It is objected to the admission in evidence of this mortgage that it was void for uncertainty in the description of the crops intended to be included in it. Whatever force there may be in this objection to the instrument on its face, this alleged uncertainty was capable of being removed, when read in

the light of the circumstances surrounding the contracting parties at the time of its execution, by extraneous parol identification.' Parol evidence cannot be introduced to vary, enlarge, or restrict the written terms of the contract. But frequently it is the case that application of apparently vague descriptions must be by parol testimony, which puts before the court the facts and circumstances surrounding the parties when the contract was made or is to be executed, that its terms may be interpreted by the light from such surroundings. From this rule springs the maxim, 'That is certain which can be made certain.' In this case it has been said, 'all' means all. 'All of my land' is a description, by necessary implication and common understanding, referring to such lands as I may own, evidenced by the public records where land titles are required to be recorded, or to my actual and continuous possession for such time as under the law constitutes a title. This identification is complete, and admits of no possibility of mistake in this case. Applying to it the familiar usage of the courts in such matters, parol testimony may be allowed to designate the particular properties described and identified by the writing, and in the contemplation of the parties in making the contract.''

Applying these principles to the case before us, we find that the property in question is identified in three ways: First, it is a farm belonging to appellant; second, it is located on Muddy Creek, and, third, it contains one hundred and thirteen acres. If, then, appellant owns a farm on Muddy Creek containing one hundred and thirteen acres, there can be no doubt that this answers the description. The parol evidence shows that such is the case. True, appellant claims to have two farms on Muddy Creek, but there is no evidence in the record tending to show that the other farm contains one hundred and thirteen acres; all the proof shows that the farm in controversy contains exactly that number of acres.

But it is insisted that the terms of the agreement as to time of payment are not sufficiently explicit to enable the court to decree a specific performance. Under our statute (Kentucky Statutes, Sec. 470) the consideration need not be expressed in the writing; it may be proved when necessary, or disproved by parol or other evidence. (Camp v. Moreman, 84 Ky., 635.)

2. Appellant and her son, who was present when the

trade was made, testified that the agreement was not to be binding until signed by W. H. Bates, appellant's husband. Giles S. Harris, who represented his wife, claims that no such agreement was made. The record further shows that, upon the petition of Margaret A. Bates and her husband, W. H. Bates, in the Madison Circuit Court, under and by virtue of a statute regulating such matters, Margaret A. Bates was, on September 21st, 1885, adjudged a feme sole, and was empowered to use, enjoy and convey, for her own benefit, any property she then owned, or might thereafter acquire, free from the debts of her husband; to make contracts, sue and be sued as a single woman, and to trade in her own name and to dispose of her property by deed or will. The record also discloses that soon after the written agreement was entered into, Margaret A. Bates claimed that she came to the city of Richmond for the purpose of making a deed to Mrs. Harris and closing the transaction. In view of the fact that there was no necessity for her husband to join with her in the contract, and of the further fact that her own conduct of going to town for the purpose of closing the transaction is inconsistent with her claim that the contract was not to be binding until her husband signed it, we are not disposed to disturb the finding of the chancellor to the effect that no such agreement was made.

3. Upon the question of tender the chancellor found that, prior to the bringing of the suit, appellee demanded performance and offered to pay for the land but that appellant refused to convey and declared her purpose not to carry out the contract. Without reviewing the evidence at length, we are of opinion that it fully sustains the chancellor's finding and that appellant, by her conduct, waived a proper tender.

Judgment affirmed.