## Brice v. Hays.

Brice v. Hays.

(Decided September 26, 1911.)

## Appeal from Hardin Circuit Court.

Lands—Agreement to Convey—Statute of Frauds—Insufficient Descriptions.—The evidence as to what lands are the subject of the contract must be contained within the contract. The writing, or memorandum must afford the means of identification; and unless it does, it is within the Statute of Frauds. Where no words are used in the writing to give a starting point, nor the description sufficient to authorize parol proof to aid in identifying the land, the writing is within the statute.

L. FRANK WITHERS, IRWIN & IRWIN for appellant.

G. K. HOLBERT and L. A. FAUREST for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

In July, 1909, the parties to this action entered into a written agreement whereby appellant agreed to sell and convey to appellee, with title of general warranty, two houses and lots in Louisville, Ky., at the price of $5,000.00. The writing gave the number of the houses and the street upon which they were located, which was a fair description of them. Appellant was to receive for this property a tract of land in Hardin county which was described in the writing as follows:

"About 150 acres of land near Otter Creek Station, one mile north of Rineyville, Hardin County, Kentucky, on I. C. R. R., said land to be valued at $25 per acre."

It was also understood that if the land came to more than $5,000, the price of the houses and lots, appellant was to pay appellee therefor at the rate stated, $25 per acre.

Appellant filed this action to recover damages from appellee for his failure to comply with his part of the contract. It is alleged that appellant complied with all the conditions required of him; that appellee has sold the land to another person for $35 per acre; that by reason of the sale, it is now out of his power to comply, and avers that the value of the land is $35 an acre, and seeks to recover as damages the difference between $25 per acre, the contract price, and $35 per acre, the alleged value of the land. Appellant alleged by an amended petition that appellee, at the time the contract was made,

was the owner of only this 150 acres of land lying near Otter Creek Station, one mile north of Rineyville, in Hardin County, Kentucky, and that he has owned no other since. The court sustained a demurrer to the original and amended petitions, upon the ground, as stated, that the writing did not contain a sufficient description of the land to legally bind appellee to perform the contract.

Writings containing similar descriptions of land have been before this court repeatedly for construction. The object of the Statutes of Frauds and Perjuries is to prevent the evil arising from parol testimony in so far as certain subjects were concerned, particularly that of land. The evidence as to what lands are the subject of the contract, must be contained within the contract. The writing, or memorandum must itself afford the means of identification; and unless it does, it is within the Statutes of Frauds. In Campbell v. Preece, 133 Ky., 572, the first writing referred to was something similar to the one in the case at bar. It was as follows:

"On the Shanty branch on left fork of Peter Creek, in Pike County, Kentucky."

The second writing was as follows:

"$265.   Phelps, Ky., March 31, 1899.   Received of Joseph Preece two hundred and sixty-five dollars as part payment on the land sold him by myself on the Shanty branch."

This writing was signed by A. W. Campbell, the party to be charged. The court did not decide that the description contained in the first writing was sufficient, but did decide that the two writings taken together contained such a description. It appears that Campbell sold this land to Preece at the date of the first writing; that he afterwards received the money and referred to the land sold by him in receipting for it. This last writing was sufficient to authorize the introduction of parol proof to identify the land, therefore Preece had the right to prove what particular piece of land was sold to him. In the case at bar, appellee does not refer to the land as his, or as his home place; he simply agrees to convey about 150 acres of land near Otter Creek Station. No words are used in the writing to give a starting point, nor is the description sufficient to authorize parol proof to aid in identifying the land. It is true appellant stated in an amended petition that appellee

owned only one tract of land near the place named, but this idea is not gotten from the writing; there was nothing therein to indicate this fact, or that he owned no other land in that vicinity. There are many authorities upon this question, some of which are cited in the case referred to, and we conclude from them that the lower court did not err in sustaining the demurrer to both the original and amended petitions.

The judgment is affirmed.