### Roberts v. Bennett, et al.

(Decided November 9, 1915.)

Appeal from Henderson Circuit Court.

Frauds, Statute of—Sufficiency of Description of Land.—Where a contract for the sale of land described it as "his farm of 210 acres on the Knoblick Road," and the vendor owned 304.59 acres in several tracts contiguously located, parol evidence was inadmissible to show which particular 210 of the 304.59 it was intended to sell.

MONTGOMERY MERRITT and YEAMAN ⌁ YEAMAN for appellant.

CLAY & CLAY for appellees.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

This is a suit to enforce the specific performance of a contract for the sale of land. The contract reads as follows:

"Henderson, Kentucky, March 12, 1913. This agreement, entered into between R. R. Roberts, party of the first part, and Henry and Thos. Bennett, parties of the

second part, witnesseth: We, Henry and Thos. Bennett, parties of the second part, agree to pay to Roberts, party of the first part, seven thousand and five hundred dollars cash, and give him seven notes of $2,228.57, due January 1st of each year, beginning January 1, 1914, bearing interest at 6%, payable semi-annually, for his farm of 210 acres, more or less, on the Knoblick Pike. Said Roberts agrees to deed a drive-way of twenty feet on north line of his farm; said second party to fence same. And Roberts further agrees to keep and care for farm, and to pay $1,000 rent for said farm, and to give possession January 1, 1914. Said Roberts is to remove what cut posts he now has on said farm. It is further agreed and understood that if parties of the second part fail to rase the cash payment of $7,500, then this agreement is to be null and void. Said party of second part has hereby paid to said first party five dollars to bind this contract agreement.''

This was signed by all the parties mentioned.

The Bennetts paid Roberts one thousand dollars on said contract, and failing to make further payments, or to further carry out their part of said contract, Roberts sued them for specific performance thereof. From a judgment in favor of the defendants, rescinding the contract and adjudging a return of the one thousand dollars so paid to him, the plaintiff appeals.

Only one of the defenses interposed by the defendants is here necessary to be considered—that the contract, for want of a sufficient description of the lands intended to be sold, is within the statute of frauds, and, therefore, unenforcible.

At the time of the making of this contract Roberts was the owner of the lands shown upon the accompanying diagram, comprising 304.59 acres. This land was originally in three tracts. The tract of 70 acres he purchased from a man named Scheutte. The remainder he derived by the following conveyances: (1) A deed from Wynne G. Dixon and wife to Edward Roberts, Eula Roberts and R. R. Roberts, conveying two tracts, one of 89.72 acres, and the other of 144.87 acres; (2) a deed from Eula Roberts to R. R. Roberts, conveying her undivided interest in the lands mentioned, Edward Roberts, uncle of Eula Roberts and R. R. Roberts, having died intestate, leaving them his sole heirs-at-law.

As has been seen, the language of the contract was "his farm of 210 acres, more or less, on the Knoblick Road." Plaintiff offered to convey to defendants 214.59 acres of said 304.59 acres of land owned by him, and undertakes to explain by parol evidence that the land intended to be sold was the 144.87 acre tract and that parcel of land marked on the map as 69.72 acres, it being a portion of the tract of 89.72 acres acquired by him as above set forth; that it was understood by the parties that there should be retained by him, out of the 89.72

acre tract that parcel shown on the map as 20 acres, although it was estimated at the time to contain 25 acres; and that the two tracts sold would contain 210 acres, although upon a survey it was found that their combined acreage was 214.59 acres.

It will be observed that none of Roberts' land abuts directly on the Knoblick Road, and especially none of the portions which he claims were agreed to be sold to appellees, and appellees argue that this is fatal to the contract. It appears, however, that that road is the principal outlet from the 70 acres, the 20 acres, and the 69.72 acres on which the farm house and other buildings are located, being reached, as shown on the map, by passing over a tributary road, known as the Scheutte Road, and so marked on the map.

A railroad crosses that corner of the 69.72 acres next to the 144.87 acres. These two tracts touch only at a single point, and Roberts has no writing granting him a passway from the one to the other of these two tracts, though he claims that one of his remote vendors had such a grant.

The question is whether, under the circumstances here shown, the description "his farm of 210 acres, more or less, on the Knoblick Road," is sufficiently definite to take the memorandum out of the statute.

Waiving the fact that Roberts' land does not abut on the Knoblick Road, we still have the language, "his farm of 210 acres," and are confronted with the question whether this is sufficient, when the vendor has, in fact, 304.59 acres at the place he claims is designated in the writing, and offers to convey only 214.59 acres thereof.

In Jones v. Tye, 93 Ky., 390, 20 S. W., 388, 14 R., 448, the writing involved was as follows: "Received of John S. Tye eighteen dollars, remainder of the payment of the purchase money on the land bought of Madison Jones adjoining the McKibly land. July 2nd, 1884. (Signed) Madison Jones." The court in that case said: "It is clear that the receipt in this case is not a sufficient memorandum of the sale to comply with the statute of frauds, because it fails to identify with reasonable certainty the land sold; and to allow the controversy as to the identity of the land to be settled by the mere weight of verbal testimony would, as it seems to us, defeat the very object of the statute of frauds."

In Wortham v. Stith, 66 S. W., 390, 23 R., 1882, the writing was: "Received of C. M. Wortham three hundred dollars in part payment of 115 acres of land which I have this day sold him for $3,100, etc." The court held that the writing was insufficient to constitute a compliance with the requirements of the statute of frauds.

In Hyden v. Perkins, 119 Ky., 188, 83 S. W., 128, 26 R., 1099, the writing involved was: "Received of Henry Hyden $20 first cash payment on farm of about twenty acres known as the Vaught Farm, etc." The court held that parol testimony could be resorted to for the purpose of showing what farm was known as the Vaught Farm, if there was but one so known and it contained about 20 acres. The court further said: "But if there were two farms to which this description would equally apply, then parol proof would be incompetent to show which of the two the parties intended to designate. In other words, when the description given in the writing is so uncertain that parol proof must be admitted to show what the parties meant between two or more things to which the description given in the writing would equally apply, then the contract is within the statute."

So, in Winn v. Henry, 84 Ky., 48, 7 R., 693, the court held sufficient a writing describing the property as "Silver Lake Place, near Washington, Kentucky, containing 52 acres, more or less;" parol proof being admissible to show to what land this description applied.

And, in Henderson v. Perkins, 94 Ky., 207, 21 S. W., 1035, 14 R., 782, a writing was held sufficient which described the property as "my home place and storehouse," and gave the seller's name and residence.

In Bates v. Harris, 144 Ky., 399, 138 S. W., 276, a writing was held sufficient which described the land sold as the vendor's "Muddy Creek Farm," stating that "it embraces 113 acres," where the vendor had such a farm on Muddy Creek, although the vendor had, in fact, two farms on that creek, but the other did not contain 113 acres.

In Brice v. Hays, 144 Ky., 535, 139 S. W., 810, the writing described the land as "about 150 acres of land near Otter Creek Station, about one mile north of Rineyville, Hardin County, Kentucky, on I. C. R. R.," and the court held this description insufficient.

In Nippolt v. Kammon, 39 Minn., 372, 40 N. W., 266, the writing contained the description "five acres of Lot 3, Sec. 23, Town 28, Range 23." The court said:

"No means are given by which to determine what five acres of Lot 3 is intended. When such an agreement contains sufficient elements of description, of course, parol evidence may, and indeed must, be resorted to, to apply the description to the specific piece of land supposed to be intended; in other words, to show what specific piece answers to the description in the writing. But the writing must be a guide to find the land—must contain sufficient particulars to point out and distinguish the piece from any other—so that when the description in the writing is laid beside the description of the particular piece, it may be seen with certainty that the latter was intended by the former." Other authorities to the same effect are Miller v. Campbell, 52 Ind., 125; Blankenship v. Spencer, 31 W. Va., 510; Omaha Loan & Trust Co. v. Goodman, 62 Neb., 197; Grier v. Rhyno, 69 N. C., 346.

The rule deducible from these cases is that while parol evidence is admissible to show what tract of land answers to the description contained in the writing, if there be such tract, it is not admissible to show what the parties intended or meant by the language of the writing. In other words, had Roberts been the owner of a farm containing about 210 acres, parol evidence would be admissible to show that fact, and thus to show that that tract answers to the description contained in the writing; but parol evidence is not admissible to show which particular 210 acres out of the 304.59 acres owned by appellant the parties meant by the language of the description contained in the writing here involved. The writing alone must be looked at to show this, and it failing to do so, the contract was within the statute and invalid for want of a sufficient description of the land, and the chancellor was right in adjudging the rescission.

Wherefore, the judgment is affirmed.