## Blair v. Combs.

Nov. 25, 1941.

C. B. Wheeler, Carl D. Perkins and Clark Pratt for appellant.

D. Hollender Hall and Dan Martin for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER—Reversing.

Appellee filed this action to enforce the specific performance of a contract, which reads:

"This agreement made and entered into this July 7, 1936, by and between Henry Blair and F. C. Combs, said Henry Blair agrees and binds himself to make F. C. Combs a deed for ½ *half* acre of land lying on South side of County Road with a consideration of $2.00 this day in hand paid.

"Henry Blair

"Att. R. V. Honeycut."

Extraneous proof was heard by the court to determine the boundary of land referred to in the contract; the judgment entered, in so far as pertinent to the question involved, reads:

"It is therefore ordered and adjudged by the court that the defendant, Henry Blair convey to the Plaintiff, F. C. Combs, the land described in Plaintiff's petition, with covenant of General Warranty of title thereto, and surrender to him possession thereof, said land being a one-half acre tract so as to form a square or as near a square as possible, on the South side of the County road of Carrs Fork so as to face onto and adjoin said Carrs Fork County Road, and directly opposite the old store-house building of the defendant, Henry Blair."

It appears from the verbal testimony that appellant owned a small boundary of land on the south side of a county road in Letcher county, Kentucky; that he had offered to convey one-half acre of this land, in compliance with the contract recited above, but he contends that he should be permitted to select the boundary. Appellant insists that appellee be required to convey the boundary of land described in the judgment, which was entered on the strength of verbal testimony introduced by him and his witnesses. It is obvious from reading the contract that it is necessary to resort to verbal testimony to determine the boundary referred to in the writing which is clearly not permissible in this jurisdiction. Ochs v. Kramer, 107 S. W. 260, 32 Ky. Law Rep. 762; Jones v. Tye, 93 Ky. 390, 20 S. W. 388; Ray v. Talbott, 64 S. W. 834, 23 Ky. Law Rep. 572. Specific performance of a contract to convey land will not be enforced unless from the description contained in the writing a stranger can determine the boundary sought to be conveyed. Home Life Inst. Co. v. Wilson, 210 Ky. 237, 275 S. W. 691; Hall v. Cotton, 167 Ky. 464, 180 S. W. 779. The description contained in the agreement herein sued on is "a one-half acre tract so as to form a square or as near a square as possible, on the South side of the County Road of Carrs Fork so as to face onto and adjoining said Carrs Fork County Road, and directly opposite the old store-house building of the defendant, Henry Blair." From this description it is not even possible to determine the county or state in which the boundary lies. It is obvious, therefore, that the description is so vague and uncertain as to be insufficient to support an action for specific performance. Price v. Hays, 144 Ky. 535, 139 S. W. 810.

Wherefore, the judgment is reversed with directions to dismiss appellee's petition.