## McNamara v. McNamara et al.

May 12, 1942.

626

C. R. Luker and Luker & Luker for appellant.

A. T. W. Manning for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER—Affirming.

On July 24, 1939, Sarah McNamara instituted suit for divorce and alimony against her husband, James W. McNamara. She obtained a general order of attachment under which Frank Marcum, T. R. Marcum, and William Marcum, Sr., were summoned as garnishees. By amendment the Marcums and the New Horse Creek Coal Company were made parties defendant. Plaintiff alleged that they were indebted to her husband in a sum of not less than $3,000 for royalties on coal lands leased to them by her husband. The Marcums and the coal company filed answer containing a general denial; and William Marcum, Sr., filed counterclaim and cross petition against his co-defendant, James W. McNamara, alleging that he had purchased from the latter the fee simple title to the coal lands which plaintiff alleged the defendants held under lease. He filed a written agreement in support of his counterclaim and cross petition which reads as follows:

"Hima, Kentucky.
"July 24th, 1939.

"This agreement made and entered into by and between J. W. McNamara, of Sibert Ky. party of the first part and Wm. Marcum Sr., of Manchester, Ky. party of the second part:

"Witnesseth: The party of the first part does this day sell to the second party all the coal rights and interest he has in the coal and simple fee he owns and obtained by deed from T. T. Gregory & his wife Nancy Gregory, Daniel Sibert Sr., and wife,

Harriet Sibert for the sum of $3000.00 $500.00 to be paid when deed is made, $2500.00 to be paid in five payments of $500.00 each in two years from date as stipulated by notes.

"I, Wm. Marcum, Sr., do this day pay J. W. McNamara One Hundred Dollars on the above agreement and will pay $400.00 more as soon as deeds are made.

"This amount is to settle everything up to date including the Royalty.

"J. W. McNamara."

He stated that James W. McNamara had failed to execute and deliver to him the deed referred to in the contract, that he was willing to pay to McNamara the balance of the down payment, i. e. $400 as soon as the deed was made, and that he was ready and willing to pay the additional sum of $2,500 in accordance with the terms of the contract. He asked that plaintiff be required to accept the present value of her inchoate right of dower and join in the conveyance. He additionally asked that Mr. McNamara be required to convey the property in accordance with the terms of the written contract. The issues set up in the counterclaim and cross petition were joined by appropriate pleadings. Pending trial Marcum paid McNamara $400. Thereafter Mrs. McNamara dismissed the suit for divorce and alimony against her husband. By subsequent pleadings McNamara joined his wife as a party plaintiff and adopted and affirmed all of the allegations of her pleadings against the defendants, thus joining issue with William Marcum, Sr., that McNamara had agreed to sell him a fee simple title to the coal lands involved. Plaintiffs moved the court to enjoin the defendants from mining coal from the premises in dispute, prayed judgment against them for $6,000 for royalties due under the original contract of lease, for $1,000 damages to the property for dumping slate thereon, and for additional damages in the sum of $1,000 because the royalties were not paid pursuant to the original lease.

Evidence was taken on the motion for an injunction which was overruled. It was thereupon agreed that the same evidence might be read on the trial of all the issues. After the evidence was taken, plaintiffs offered an amendment to conform to the proof, in which they ad-

mitted the execution of the contract of sale but sought to void its enforcement by the allegation that the description of the land was so indefinite and uncertain that the contract of sale was not binding. Mr. and Mrs. McNamara further alleged that the contract of sale entered into by William Marcum, Sr., was for the fraudulent intent and purpose to delay them in the collection of, and to defraud them of their right to collect, royalties under the lease previously executed by them, and that at the time the sale contract was executed Marcum had no intention of buying the property. They further alleged that McNamara offered to make a deed pursuant to the contract and to deliver same to Marcum but that Marcum failed and refused to accept it and that he thereupon agreed that the defendants would operate under the original lease and that the contract for the sale of the property should be cancelled and held for nought.

On submission of the case the lower court held that the contract entered into between William Marcum, Sr., and Mr. McNamara concerning the sale of the land was valid and binding on the parties; that Marcum has paid to McNamara the sum of $500 on the purchase price mentioned in the contract. It further adjudged that defendant Marcum was indebted to the McNamaras in the sum of $2,500 less the present value of Mrs. McNamara's inchoate right of dower, which was calculated to be the sum of $233.10. The court declined to require Mrs. McNamara to join in the deed but adjudged that Mr. McNamara should execute and deliver the deed conveying his interest in the boundary to Marcum, which deed should recite that a lien was retained on the property in favor of Mr. McNamara to secure the payment of the balance of the purchase money less the sum of $233.10 representing the present value of the wife's inchoate right of dower; that upon delivery of the deed Marcum should pay the balance of the purchase money or execute notes therefor to be paid within two years thereafter.

Plaintiffs ask reversal on the grounds recited in their brief to be:

"That the contract cannot be enforced because there is a failure of consideration, as well as that it is indefinite and uncertain, and that Sarah McNamara is not bound by it since Marcum knew that she was claiming all the title in the land at the time he undertook to buy it from her husband."

They contend that the failure on the part of McNamara to secure his wife's signature to the deed was a failure of consideration for which the contract of sale was executed. But if such a consideration could be read into the contract, appellants could not complain of the failure of its performance. That would have been a consideration moving to Marcum and about the failure of performance of which he alone would be heard to complain. Nor do we see that the argument "that Sarah McNamara is not bound by it (the contract of sale) since Marcum knew that she was claiming all the title in the land at the time he undertook to buy it from her husband" is pertinent, or that it can be asserted as a ground for reversal of the judgment in this case. There was absolutely no evidence directed to the establishment of any fact from which it could be inferred that Mrs. McNamara had any title to the property other than her inchoate right of dower by reason of her marital relation. The court so held, and additionally that Mrs. McNamara was not bound by the contract, as will be seen in the following quotation from the judgment:

> "The court is of the opinion that the defendant, William Marcum Sr., cannot require the plaintiff, Sarah McNamara, to join in any deed conveying the property in dispute in this action to him or to compel her to elect to accept $233. or any other sum, in settlement of her interest in the same. She has declined to join in said deed and declined to accept $233 or any other sum in settlement of her interest in the property and so much of the counterclaim of said William Marcum, Sr., as seeks to require her to join in a deed conveying the property to him, or to accept a specific sum or any sum in settlement of her inchoate right of dower interest is dismissed."

Thus, it will be seen that Mrs. McNamara by judgment of the lower court has specifically received the only relief she seeks in this court.

Therefore, the only real question for our determination is whether the description of the property in the writing is sufficiently definite and certain to require specific performance. If the description in a writing sought to be enforced is so indefinite as to make it necessary to resort to verbal testimony to determine the boundary (not the metes and bounds) referred to in the writing, such description will be held to be insufficient to require

specific performance of the contract. Blair v. Combs, 288 Ky. 428, 156 S. W. (2d) 465. But where the description in the writing is sufficient to determine what tract of land was meant by the parties to the contract, specific performance will be enforced although it may be necessary to resort to parol or documentary evidence to determine the metes and bounds of the tract. Posey v. Mimsey, 146 Ky. 205, 142 S. W. 703; Bates v. Harris, 144 Ky. 399, 138 S. W. 276, 36 L. R. A., N. S., 154; Campbell v. Preece, 133 Ky. 572, 118 S. W. 373, 19 Ann. Cas. 246. It is shown by the evidence that only one boundary of land was conveyed to McNamara by T. T. Gregory, Nancy Gregory, Daniel Sibert, Sr., and Harriet Sibert. The metes and bounds description of this boundary is contained in a deed recorded in the office of the clerk of the Clay county court. That being true, the recitation in the writing that the tract of land conveyed to McNamara by the Gregorys and the Siberts was the subject of the contract was sufficient to designate the tract so as to compel specific performance.

Wherefore, the judgment is affirmed.