J. M. (Marshall) MAHAFFEY and Ed McIntosh, Appellants,

v.

Jerry WILSON, Appellee.

Court of Appeals of Kentucky.

Nov. 7, 1958.

Rose & Short, Beattyville, for appellants.

Shumate & Shumate, Irvine, for appellee.

CLAY, Commissioner.

■ In this suit plaintiff appellants sought specific performance of a written contract in which appellee defendant agreed to convey his "Drive-In" theatre. The contract was in the form of an option, which we will assume was properly exercised. The Chancellor denied relief to the plaintiffs on the sole ground that the description was insufficient.

The contract described the property as follows:

"The Moonlight Drive-In Theatre Described as Follows: Said drive-in Theatre is located at Milltown, on Highway No. 11 about one mile from Booneville, Kentucky."

It is contended by the defendant, and the Chancellor took the view, that since defendant owns other lands surrounding the theatre tract, the description is inadequate because it does not fix the boundary lines. On the other hand, it is shown by the record that in 1954 the defendant purchased as a single unit this Drive-In Theatre property. The recorded deed gives a metes and bounds description of it. The adjoining lands, which defendant now owns, were purchased by separate deeds after he had acquired the theatre property.

■ The governing principle with respect to the adequacy of a description is that the written instrument must contain *sufficient data to identify the property,* so that no question can arise as to the intention of the parties concerning the subject matter. Bates v. Harris, 144 Ky. 399, 138 S.W. 276, 277, 36 L.R.A.,N.S., 154. In that case the vendor had sold "her Muddy creek farm * * *" containing "113 acres". This was held adequate, even though the vendor also owned another farm on Muddy Creek.

All that is required is that the writing identify the land or afford means of identification. Campbell v. Preece, 133 Ky. 572,

118 S.W. 373. In that case it was held that if the writing gives sufficient information from which the property may be certainly determined with the aid of extrinsic evidence, the description is adequate. A classic example, "The place where I live", is given. Obviously resort must be had to evidence outside the writing to fix the exact location of the property and its metes and bounds, but this description is an acceptable identification of a particular piece of property.

In Posey v. Kimsey, 146 Ky. 205, 142 S.W. 703, 706, it is stated:

> "The well-established rule in this state is that, if a writing contains such a description of or reference to the land as that it may be identified by parol evidence, it will be sufficient. It is not essential that the paper itself shall contain such a description of the land as that it may be identified or exactly located by the mere reading of the paper."

In that case the parties had agreed to exchange tracts of land described as "My farm known as the John Baskett home farm" and "their Anna Yeaman farm of 500 acres". The court said that these brief descriptions so identified the two tracts of land that they could be located with certainty.

■ In a number of cases a distinction is made between *identifying* the land and *designating* it. It is said that the writing must identify the land, and extrinsic evidence may be invoked to designate it. This means that the writing is sufficient if it singles out a distinct parcel of land, even though resort to documentary or parol evidence is necessary to make certain its location and detailed description. See Corso v. Crawford, 228 Ky. 338, 14 S.W.2d 1093.

In his ruling in this case the Chancellor relied upon somewhat ambiguous language used in one of our opinions. In Blair v. Combs, 288 Ky. 428, 156 S.W.2d 465, 466, the opinion states:

> "Specific performance of a contract to convey land will not be enforced unless from the description contained in the writing a stranger can determine the *boundary* sought to be conveyed." (Our emphasis)

This language could be construed to mean that the writing must show the *boundary lines* of the property. Obviously this was not intended. None of the cases cited in support of the statement, nor any of the numerous cases with which we are acquainted, have ever suggested such a doctrine. By "boundary" was meant nothing more than a specific domain or territory bound by limits. It is a colloquial expression synonymous with "tract".

Such a construction of that term was made clear in the case of McNamara v. Marcum, 290 Ky. 625, 162 S.W.2d 205. There it was stated that the term "boundary" did not mean metes and bounds. Therein we said, at page 208 of 162 S.W.2d:

> "But where the description in the writing is sufficient to determine what *tract of land* was meant by the parties to the contract, specific performance will be enforced although it may be necessary to resort to parol or documentary evidence to determine the metes and bounds of the tract." (Our emphasis)

We return now to the description before us. Under the cases above cited, had the contract simply said "My Drive-In Theatre on Highway 11" it would have been sufficient. Our description goes much further. The land is identified by a specific name, a specific use, and a specific location. A stranger would have no difficulty in ascertaining this particular piece of property. It could scarcely be better described except by metes and bounds. Such detailed designation is available in a recorded deed conveying this single tract to the defendant. The conveyance of that tract is exactly

891

what the plaintiffs demand by way of specific performance.

Since the basic problem is always whether or not the minds of the parties have met with respect to the subject matter of the contract, there can be no question that defendant agreed to convey and plaintiffs agreed to buy the Drive-In Theatre property on Highway No. 11 conveyed to the defendant by the 1954 deed from Carl and Edna Barker. The Chancellor was therefore in error when he adjudged the defendant could avoid his solemn contract on the ground the parties did not identify its subject matter.

There are other issues raised in the pleadings and in the briefs, but they have not been passed upon by the trial court and we cannot consider them on this appeal.

The judgment is reversed.