**Wilson CHANEY et al., Appellants,**

v.

**A. D. NOLAND et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 25, 1964.

Rehearing Denied March 19, 1965.

H. M. Shumate, Shumate, Shumate & Flaherty, Irvine, for appellants.

James E. Thompson, Shackelford, Burnam & Thompson, Richmond, for appellees.

PALMORE, Judge.

Wilson Chaney and wife, Sarah, appeal from a judgment of the Estill Circuit Court denying them specific performance of an agreement for the sale of land. The basis of the judgment is the statute of frauds, KRS 371.010(6).

The appellees, A. D. and Hazel H. Noland, purchased a tract of some 700 acres known as the Carl Williams farm. The Chaneys were tenants on the farm and wished to buy a part of it. Negotiations resulted in an agreement by the Nolands to convey the Chaneys 54 acres for $3,000. Prior to the date of the agreement the parties had gone on the ground and marked off the boundaries of the 54 acres. However, when the agreement finally was reduced to a written memorandum the writing itself did not contain any reference from which the 54 acres could be identified. This written evidence of the agreement was a receipt reading as follows:

"6/15/1961

Received of Wilson Chaney,
Two hundred Fifty and 00/100 .............................Dollars
For Payment on part of Carl Williams Farm as agreed Deed to be made February 1, 1962.
Previous Balance ....................................$3,000.00
Amount paid ........................................ 250.00
Balance due ........................................ 2,750.00

A. D. Noland,
By Hazel H. Noland"

On February 12, 1962, counsel for the Chaneys prepared a deed for execution by the Nolands. Mr. Noland signed and acknowledged it, but a question arose concerning the tobacco base, and the parties went over to the ASC office to see if the entire allotment could be assigned to the portion of the farm being retained by the Nolands. Upon being informed this could not be done, the Nolands refused to complete the transaction. Mrs. Noland never signed the deed.

The farm of which the 54 acres were a part had been conveyed to the Nolands by a deed describing the entire 700 acres or so in a single metes and bounds perimeter. The memorandum of June 15, 1961, makes no reference to the stakes the parties had set out on the premises or to any other physical mark or extrinsic circumstance that would serve as a roadsign to indicate the specific "part of Carl Williams Farm" covered by the agreement. Therefore, it falls victim to the statute of frauds and the trial court correctly so held. Cf. Roberts v. Bennett, 166 Ky. 588, 179 S.W. 605, L.R.A.1916C, 1098 (1915).

"It is * * * the well-recognized rule in this state that the written contract or memorandum of the sale of real estate * * * must itself furnish the means of identifying the subject-matter thereof; and such a description of the land in the contract or memorandum which fails to furnish such means of identification is insufficient, and does not satisfy the statute of frauds." Kentucky Counties Oil Co. v. Cupler, 204 Ky. 799, 265 S.W. 334, 335 (1924).

Each of the decisions cited by the Chaneys was a case in which the writing itself provided an avenue of identification. In Mahaffey v. Wilson, Ky., 317 S.W.2d 888 (1958), for example, the property was described as "My Drive-in Theatre on Highway 11," and this was held clearly sufficient to identify it. In McNamara v. Marcum, 290 Ky. 625, 162 S.W.2d 205 (1924), the agreement described the subject-matter as all of the interests acquired by the promisor in a certain deed, reference to which made the identity of the property unmistakable. In Montgomery v. Graves, 301 Ky. 260, 191 S.W.2d 399

(1945), a designation by street number was held sufficient despite omission of the name of the city. Of all the precedents urged against the judgment in the instant case, only Parke v. Spurlin, Ky., 268 S.W.2d 33 (1954), gives pause. However, its facts are different, and even if the correctness of the result be arguable, it is certain that there was no intention to change the fundamental principles that are applicable to this type of case.

It is further contended that the deed signed by Mr. Noland, in which the 54 acres were properly described, is a sufficient writing within the terms of the statute.

"A sharp conflict exists on the question whether an undelivered deed will satisfy the statute of frauds as a memorandum of the contract of sale." 49 Am.Jur. 694 (Statute of Frauds, § 391). Delivery of a deed is, of course, a prime requisite of its legal efficacy, but it does not follow that delivery should be essential to the sufficiency of a writing in order to satisfy the statute of frauds. The question in a case involving the statute "is not whether there is a written contract, but whether there is a sufficient memorandum signed by the party which is evidence that a contract existed * * *. The evil the statute seeks to guard against is the use of oral evidence to prove the contract." Ibid. "The better view would appear to be that if the deed embodies the substance of the parol contract, the mere fact that it is undelivered will not prevent its serving as a memorandum thereof within the Statute of Frauds, although a deed which is in form a mere conveyance of land, without referring to or embodying the substance of the oral agreement, is insufficient to take the contract out of the Statute of Frauds. This is true, however, not because of the nondelivery, but because of the insufficiency of the deed as a memorandum." Annotation, "Undelivered deed or escrow, pursuant to oral contract, as satisfying Statute of Frauds," 100 A.L.R. 196, 202.

■ But logic notwithstanding, "this court uniformly has construed our statute to mean that, while the written memorandum of the contract need be signed by the vendor only, it must be delivered to and accepted by the vendee before the contract becomes enforceable by either party." Gorman v. Gorman, 210 Ky. 65, 275 S.W. 366, 367 (1925);[1] Nugent v. Humpich, 231 Ky. 122, 21 S.W.2d 153 (1929); Louisville Trust Co. v. National Bank of Kentucky (6th Cir. 1939), 102 F.2d 137; and the several earlier decisions cited in National Bank of Kentucky v. Louisville Trust Co.. (6th Cir. 1933) 67 F.2d 97, 104–105.[2]

■ In the absence of something to show a contrary intention, when an instrument is prepared for execution by more than one party the presumption is that its effective delivery is conditioned on the signatures of all. Cook v. Cook, Ky., 299 S.W.2d 261, 265 (1957); Will B. Miller Co. v. Bannon, 221 Ky. 677, 299 S.W. 567 (1927); Murrell v. American Ry. Express Co., 207 Ky. 322, 269 S.W. 293, 294 (1924). The Nolands owned the property in question as tenants by the entirety. The deed to the Chaneys was prepared for joint exc-

---

1. Citing, in support, Dutell v. Mullins, 192 Ky. 616, 234 S.W. 192, 20 A.L.R. 361 (1921), in which it was held that the *vendor* could not make a contract enforceable in his own behalf by signing a deed and tendering delivery. This construction of the rule rests on a strict conception of the doctrine of mutuality, which, at least in cases of specific performance, prevents enforcement of a contract by a party against whom it could not have been enforced at the instance of the other.

2. The opinions of this court in Purtell v. Bell, 179 Ky. 356, 200 S.W. 644, 646 (1918), and Antle v. Haas, Ky., 251 S.W.2d 290, 294–295 (1952), include a quotation from Wood on Statute of Frauds, § 345, in which, among other things, it is said that delivery of the memorandum is immaterial. We do not construe these two random references as intending to overrule the construction adopted by the numerous opinions in which the question was directly presented and expressly considered.

cution by the Nolands. Obviously Mr. Noland did not intend its delivery without his wife's signature. Hence the trial court's conclusion that the deed was insufficient is correct.

Our conclusions in the foregoing respects eliminate such further questions as whether Mr. Noland's signature by his wife was sufficient to bind either or both of them and whether, if the undelivered deed had satisfied the statute of frauds with regard to Mr. Noland, specific performance could have been decreed against him alone.

The judgment is affirmed.