**W. R. BEARD, Executor, etc., et al.,
Appellants,**

v.

**ECONOMY FINANCE CORPORATION,
Appellee.**

Court of Appeals of Kentucky.

March 31, 1972.

As Modified on Denial of Rehearing
Nov. 3, 1972.

Paul R. Huddleston, Huddleston & Huddleston, Bowling Green, for appellants.

Angus W. McDonald, McDonald, Alford & Roszell, Lexington, for appellee.

GARDNER, Commissioner.

Newtown Investment Corporation purchased from Plastex Bowling Corporation bowling equipment to be used in bowling lanes at Lexington, Kentucky. Newtown gave Plastex promissory notes, secured by a mortgage on the equipment, representing much of the purchase price. Plastex became involved financially and after rather extensive and confusing negotiations North American Leasing Company became the owner of the bowling equipment and in turn leased it to Newtown for $88,997.96 to be paid in monthly installments. Simultaneously with the execution of the lease, and in order to further secure the notes, all of the stockholders of Newtown Investment Corporation, except Peter G. Powell, signed a "Guarantee of Lease" individually. North American assigned the notes and the "Guarantee of Lease" to Economy Finance Corporation.

Upon default of payments Economy brought suit for the unpaid balance against the individual stockholders, appellants, who had signed the guaranty. The chancellor sustained Economy's motion for a judgment on the pleadings and allowed recovery in the sum of $63,356.48. On appeal we reversed the judgment. See Beard v. Economy Finance Corporation, Ky., 409 S.W.2d 516 (1966). Appellants had contended that there was an agreement between the stockholders and North American that none of the stockholders was to be obligated under the guaranty unless all signed the instrument, and since Peter G. Powell (one of the stockholders) had not signed it, none of the signers was liable. The main bone of contention on the first appeal was whether the alleged agreement between the stockholders and North American was enforceable since it was not in writing. We held that the parol evidence rule did not apply

since the question was whether there was a violation of a condition precedent to the agreement's becoming effective in the first instance rather than an attempt to vary a written instrument already in effect. Since the trial court's summary judgment had forestalled the admission of evidence on the question of whether there was an agreement, even though parol, we remanded the case for proof on that question.

■ Evidence was presented on the second trial and the chancellor found there was no agreement between North American and appellants that the signing of the guaranty by *all* the appellants was to be a condition precedent. Appellants argued before the trial court, and are presenting the same contention here, that William A. Meyer, President of Plastex Bowling Corporation, who did most of the legwork in the negotiations, was an agent of both North American and appellants and he had agreed with appellants that the guaranty was not to be effective unless all stockholders signed the instrument. The trial court found, however, that Meyer was not an agent of North American and therefore North American was not bound by Meyer's acts, and found that there was no agreement between North American and the stockholders that as a condition precedent the guaranty must be signed by all the stockholders before any was liable. There was substantial evidence to support the chancellor's findings.

On this appeal appellants make an argument that was not presented on the first trial, namely, there was a presumption that the instrument was not to be effective until it was signed by all the stockholders. They cite Chaney v. Noland, Ky., 387 S.W.2d 308 (1964), to sustain their contention that since there was a blank line with Peter G. Powell's name typed underneath, a presumption was raised that if Powell did not sign the instrument none of those who did sign was liable. North American counters by saying that even if there was such a presumption it was overcome by the wording of the instrument itself where it provided that the signers would be "jointly and severally liable."

Regardless of whether there was such a presumption or not, that defense was not raised until the second trial, and the remand of the case was only for the purpose of the trial court's hearing evidence as to whether there was an express agreement between North American and the stockholders and making a decision based on its findings. The trial court did just that. The pertinent defense contained in appellants' answer was:

"The defendants signed and delivered the Guarantee of Lease set forth in the complaint under paragraph 2 upon the condition and pursuant to their agreement with North American Leasing Company that said guarantee would not become effective for any purpose unless and until it should be signed by all officers, directors, and stockholders of Newton Investment Corporation, including Peter G. Powell, whose name was typed under a blank signature space appearing in that document shown with the complaint as Exhibit C."

In commenting on their own answer in the briefs on the first appeal, appellants stated, "The answer asserted, inter alia: that the 'Guarantee of Lease' was executed and delivered conditionally by the several defendants upon their *collateral agreement* and stipulation with North American Leasing Company that the guarantee would not become effective unless and until it should be signed by all stockholders and directors of Newtown Investment Corporation, including Peter G. Powell, whose name was typed on the instrument under a blank space provided for his signature, * * *. (emphasis added)

■ With the first trial of the case being based on the question of whether there was an express agreement between North American and the stockholders, and on appeal the case being remanded for the sole pur-

pose of hearing evidence on that question, we believe the decision of the first appeal is the law of the case and any additional defenses must be disregarded.

After the case was remanded for a second trial appellants, in their answer to the amended complaint, alleged that as a condition precedent to the validity of the lease and the guaranty it was understood that Newtown was to be given an option to repurchase the leased equipment upon payment of the amount owed. They point out that such an option was never given.

Again, this point never was raised on the first trial or the first appeal. It was first presented in an answer to the complaint as amended after the case was returned to the circuit court. The case having been remanded for the purpose of taking proof to ascertain if there was an express agreement between North American and the stockholders that the guaranty was not to be effective until signed by all stockholders, this additional defense cannot be considered.

The judgment is affirmed.

STEINFELD, C. J., and EDWARD P. HILL, Jr., MILLIKEN, OSBORNE and REED, JJ., concur.

Dissenting opinion by PALMORE, J., NEIKIRK, J., joins in dissent.

PALMORE, Justice (dissenting).

Under the rationale of Slaughter v. Hampton, 28 K.L.R. 904, 90 S.W. 981 (1906), I think that the presence of a signature line with the name of Powell typed under it made it an implied condition that he was to sign it.

NEIKIRK, J., concurs in this viewpoint.